BARNEY U. BROWN & SONS, Inc. et al. v. SAVAGE et al.

No. 35544. April 21, 1953.

Rehearing Denied June 17, 1953.

*258 P. 2d 183.*

Mont R. Powell, William R. Saied, and Sam Hill, Oklahoma City, for petitioners.

Tom L. Irby, Ponca City, Claud Briggs, and Brown & Verity, Oklahoma City, and Mac Q. Williamson, Atty. Gen., for respondents.

BLACKBIRD, J. This is a proceeding brought by the State Insurance Fund to review an award of the State Industrial Commission in favor of the claimant, Hubert Savage, against it and his employer, Barney U. Brown & Sons, Incorporated, as respondents. For convenience Barney U. Brown & Sons, Incorporated, will be referred to herein merely as "The Company" and the State Insurance Fund as the "Fund". The Company had two different businesses; one was an oil and gasoline business at Oklahoma City, and the other was a feed and grain business at Enid. Claimant was employed as a salesman in the feed and grain business.

The Company's Workmen's Compensation insurance policy with the Fund specifically covered only its workers in the oil and gasoline business, but in the schedule of employees, upon the basis of which the policy's premiums were computed and paid, claimant was listed.

The only questions involved in determining whether or not the award to claimant on the basis of this policy will be upheld, concern the interpretation and application of Sections 2 and 3 of House Bill No. 234, Act of the Legislature 1947, §§65.2 and 65.3 of Title 85, O.S. Supp. 1947, and O.S. 1951. These sections are as follows:

"Sec. 65.2. Every employer and every insurance carrier who schedules any employee as a person employed by the

employer for the purpose of paying or collecting insurance premiums on a Workmen's Compensation insurance policy *or* who pays, receives or collects any premiums upon any insurance policy covering the liability of such employer under the Workmen's Compensation Law by reason of or upon the basis of the employment of any such employee shall be estopped to˙ deny that such employee was employed by the employer in a hazardous employment subject to and covered by the Workmen's Compensation Law if such person receives an accidental personal injury arising out of and in the course of his employment, during the period for which such premium was so received, *regardless of the type of business* in which the employer was engaged or the *type of employment* in which the employee was engaged at the time of such injury.  Laws 1947, p. 626, Sec. 2.

"(Sec. 65.3).  Every contract of insurance issued by an insurance carrier for the purpose of insuring an employer against liability under the Workmen's Compensation Law shall be *conclusively presumed* to be a contract for the benefit of each and every person upon whom insurance premiums are paid, collected, *or* whose employment is considered or used in determination of the amount of premium collected upon such policy for the payment of benefits as provided by Workmen's Compensation Law *regardless of the type of business* in which the employer of such person is engaged or the *type of work* being performed by the employee at the time of any injury received by such employee arising out of and in the course of his employment, which contract may be enforced by such employee as the beneficiary thereof, before the State Industrial Commission as now provided by law.  Laws 1947, p. 627, sec. 3." (Emphasis ours.)

After a trial commissioner had determined that claimant's employment was not covered by the policy and denied him any recovery thereunder, said order was appealed to the commission en banc which, though it applied the above-quoted presumption and estoppel provisions of the cited statute against the Fund and granted claimant an award as a beneficiary under the pol-

icy, made, among others, the following findings of fact:

"That the State Insurance Fund of the State of Oklahoma carried a Policy of insurance for the period beginning September 30, 1950, to October 1, 1951, upon the gasoline and oil business and the clerical office employees associated with the gasoline and oil business of Barney U. Brown & Sons, Inc., the respondent herein; that the said policy of insurance did not cover the seed and grain business carried on by the respondent in Enid, Oklahoma; that the provisions of Paragraph 6 .in the Contract expressly states that no other trade, business or profession is conducted by the Employer at any location in Oklahoma except those disclosed in Paragraph 4; that Paragraph 4 does not anywise disclose that the respondent was engaged in the seed and grain business; that the State Insurance Fund did not have actual or constructive knowledge that the respondent was engaged in the feed and grain business in Enid, Oklahoma, until an investigation was conducted following the filing of the claimant's claim herein.

"That the wages paid by the respondent to the claimant were added to the wages paid to the clerical workers in the oil and gas business in Oklahoma City in computing the premiums paid under the said policy for clerical workers; that said premiums were accepted by the State Insurance Fund under the mistaken belief that the said premiums were based solely on the wages paid to the oil and gas clerical workers employed in Oklahoma City."

In the Fund's brief, in which the insured and employer, Brown & Sons, have refused to join, it is argued that all of the above-quoted findings of the commission except the introductory one that Brown & Sons had a policy with the Fund covering the oil and gasoline business, are inconsistent and conflict with its order, which is contrary to both the law and the evidence. In support of its position the Fund cites such undisputed facts as those that the rate of premiums charged by it is higher for salesmen than the rate of

clerical workers and that only the rate for clerical workers was paid and collected on the policy in this case. It is also argued that the commission has no jurisdiction to determine contract rights between an insured and its insurer, including the power to interpret contracts they have made, but, at the same time, it relies on an interpretation of one of the commission's findings in this case as a finding that no contract of insurance covering claimant's "employment" existed between the Fund and Brown & Sons, and argues that under National Bank of Tulsa Bldg. v. Goldsmith, 204 Okla. 45, 226 P. 2d 916, such a contract is necessary in any case before the "estoppel" and "presumption" provisions (sections 65.2 and 65.3 of Title 85, supra) are applicable to it. We think counsel misinterprets the legislative and judicial pronouncements they rely on. Granted that, under the statutes and the previous decisions of the court, the commission is without the power of courts of general jurisdiction to settle contract rights in general, we do not think that is what the commission did or purported to do in this case. Its finding that the policy involved did not, by its specific terms, include the kind of employment in which claimant was engaged, is the only conclusion that anyone reading the policy would arrive at; and it was a necessary one to application of the above statutory sections. In this connection, see Tri-State Casualty Ins. Co. v. Bowen, 189 Okla. 97, 113 P. 2d 981, and Employer's Casualty Co. v. Carpenter Bros., 204 Okla. 312, 229 P. 2d 592, and compare with Spaulding & Osborne v. Pacific Employers Co., 192 Okla. 154, 134 P. 2d 581. Said sections are plainly contemplated to apply to situations where a worker's employment is not covered by the *specific* provisions of his employer's insurance policy. Such coverage is effected under the Act through a conclusive presumption in his favor, where premiums on the policy in existence have been "paid, collected, or" his employment "considered or used in

determination of the amount of premium collected upon such policy, * * *" regardless of the employer's type of business or the employee's type of work. While in the National Bank of Tulsa Bldg. case, supra, this court used the expression: premiums paid and received "on a basis of a particular employment", it did not mean or intend to hold, contrary to the wording of the statute, that the premiums must have been paid and received on a "particular (*type or kind of*) employment." All we were referring to in the quoted part of the syllabus was the particular employee's employment, rather than the employee's particular employment or kind of work. The word "employment" as used in that particular clause or phrase of our opinion and in the statutory provisions in question refers merely to the relationship of employer and employee (or master and servant), rather than to the particular capacity in which the employee is serving his employer. When this is understood, there is no ground for controversy on this point, and no question but that the commission was correct in making an award herein. Any other interpretation of the wording of the portion of the statute involved would be contrary to its specific wording and meaning. The interpretation urged by the Fund would make it immaterial whether or not a particular employee had been included in the total premium paid on the policy, as he undisputedly was here, if a mistake had been made in doing so, and his particular type of work was not included in the specific terms of the policy. This is just the sort of case the statute was enacted to cover. Whether the facts presented here be called an employee's "snare", or "pitfall," or merely an individual or mutual "mistake", or "oversight" on the part of the employer and/or his insurance carrier, they are illustrative of a situation in which the Legislature has decided that an employee should not find himself "trapped" or barred from recovery after suffering a compensable injury. If it were not for these

statutory provisions, both the employer and the employee might go along, seeing premiums on the policy collected and being lulled thereby into believing that the latter's job was covered by the policy, then, when an accident occurred and a claim was filed thereunder, suddenly find to their joint dismay, that they had no such protection. We think the facts that the Fund charges a higher rate of premium on salesmen (than on clerical workers) and that the Fund did not know claimant was employed as such, are both immaterial; and the commission's findings to that effect, of themselves, show no error in its award. The Fund had the right to ascertain what type of work claimant was engaged in, and thereupon, under the specific provisions of the policy, to increase the premiums Brown & Sons were paying, if that premium was less than the cne it should have paid on the policy after claimant was included in the list of employees scheduled. The employee should not have to suffer for the combined or individual mistake of his employer and/or the insurance carrier in computing, paying and/or collecting the proper amount of premium on the policy—a mistake for which he was in no way responsible and over which he had no supervision or control.

Besides being the only one that could be adopted under the specific wording of the provisions involved here, our interpretation accords with the well established rule that the Workmen's Compensation Law should receive a liberal construction in favor of those entitled to its benefits. See Rose Hill Burial Park v. Garrison, 176 Okla. 355, 55 P. 2d 1045.

We find no error in the commission's order and its award is hereby sustained.

HALLEY, C.J., JOHNSON, V.C.J., and WELCH, CORN, DAVISON, O'NEAL, and WILLIAMS, JJ., concur.