R. N. SHIRES, Jr., and Wanda Laverne
Saylor, Petitioners,

v.

WROUGHT IRON RANGE COMPANY, Lib-
erty Mutual Insurance Company and the
State Industrial Commission, Respondents.

No. 37697.

Supreme Court of Oklahoma.

April 21, 1959.

Rehearing Denied May 12, 1959.

David C, Shapard, C. H. Spearman, Jr.,
Cleeta John Rogers, Oklahoma City, for
petitioners.

Rhodes, Crowe, Hieronymus & Holloway,
A. G. Crowe, Oklahoma City, Mac Q. Wil-
liamson, Atty. Gen., for respondents.

DAVISON, Chief Justice.

R. N. Shires, Jr., filed a claim against Wrought Iron Range Company and its insurance carrier, Liberty Mutual Insurance Company, under the death benefit provisions of the Workmen's Compensation Law, 85 O.S.1951 § 1 et seq. The proceeding was conducted for the benefit of Wanda Laverne Saylor, a daughter of George Lipscomb, deceased, the employee.

The State Industrial Commission entered an order in part as follows:

"That the respondent, Wrought Iron Range Company did not have a Compensation Policy covering George E. Lipscombe in the State of Oklahoma on September 10th, 1955.

"That the business of respondent Wrought Iron Range Company does not come within the purview of the Workmen's Compensation Law.

"It Is Therefore Ordered, That claimant's claim for compensation under the Death Benefit Act is denied."

This proceeding is brought by R. N. Shires, Jr., and Wanda Laverne Saylor to review the order denying the award.

George Lipscomb, hereinafter called employee, was killed September 10, 1955, one mile east of Blocker, Oklahoma, in Pittsburg County. He, and a fellow employee, were delivering a stove belonging to the employer when the pickup truck overturned killing the employee.

The employee was not engaged in hazardous employment as defined by 85 O.S. 1951 §§ 1 and 2.

Claimants rely on the undisputed fact that the premiums paid on the policy by the employer were based on wages which included the wages of deceased employee, and therefore under the rule announced in National Bank of Tulsa Building v. Goldsmith, 204 Okl. 45, 226 P.2d 916, and Barney U. Brown & Sons, Inc. v. Savage, 208 Okl. 668, 258 P.2d 183, the insurance carrier is liable for an award.

Item No. 3 of the policy issued by insurer to employer names certain states specifically covered. The policy then, by a specific endorsement, provides as follows:

"In the event the insured undertakes operations in any state not designated in Item No. 3 of the declarations, other than Arizona, Nevada, North Dakota, Ohio, Oregon, Washington, West Virginia or Wyoming, the company agrees as follows:

"1. To reimburse the insured for all compensation and other benefits required by the insured under the workmen's compensation or occupational disease law of such state."

Oklahoma is not in the excluded list.

85 O.S.1951 § 65.3, provides:

"Every contract of insurance issued by an insurance carrier for the purpose of insuring an employer against liability under the Workmen's Compensation Law shall be conclusively presumed to be a contract for the benefit of each and every person upon whom insurance premiums are paid, collected, or whose employment is considered or used in determination of the amount of premium collected upon such policy for the payment of benefits as provided by Workmen's Compenation Law regardless of the type of business in which the employer of such person is engaged or the type of work being performed by the employee at the time of any injury received by such employee arising out of and in the course of his employment, which contract may be enforced by such employee as the beneficiary thereof, before the State Industrial Commission as now provided by law."

The employee was a resident of Oklahoma and the work was done and performed in Oklahoma and as a result of his services he was killed in this state at a time when the employer was doing business in the state. The premiums paid by employer were based on the wages of employees which included the wages of employee. This being so the clause above referred to made the contract of insurance a contract enforceable in Oklahoma to be administered

by the State of Oklahoma with all of the provisions of the Workmen's Compensation Act, which includes the law as announced in National Bank of Tulsa Building v. Goldsmith, and Barney U. Brown & Sons, Inc. v. Savage, supra.

Finally it is argued by the respondents that there are no dependents. This matter was submitted to the State Industrial Commission but was not determined for the reason that the State Industrial Commission held it had no jurisdiction to grant an award. There is some evidence of dependency in the record. See Cimarron Telephone Co. v. Nance, 208 Okl. 622, 255 P.2d 931. This question will be determined on a retrial of the case.

The order is reversed and remanded to the State Industrial Commission for further proceedings in accordance with the views herein expressed.

WILLIAMS, V. C. J., and WELCH, JOHNSON, BLACKBIRD, JACKSON, IRWIN and BERRY, JJ., concur.

HALLEY, J., dissents.

HALLEY, Justice (dissenting).

I respectfully dissent to the majority's interpretation of the provisions of the insurance contract in this case.

The first thing to remember in this case is that the deceased was not engaged in a hazardous employment under our law when he lost his life. In the absence of an insurance policy under which there was paid a premium by the employer covering the deceased in Oklahoma, there can be no recovery. The facts in the case at bar are not analogous to cases relied upon by the majority, National Bank of Tulsa Building v. Goldsmith, 204 Okl. 45, 226 P.2d 916 and Barney U. Brown & Sons, Inc. v. Savage, 208 Okl. 668, 258 P.2d 183, for in those cases the employee was specifically covered because the premium was charged by the insurance company upon each individual employed and 85 O.S.1951 §§ 65.2 and 65.3 applied. In this case I do not find that such proof was made. In the "All States En-

dorsement" on which the claimants rely to recover, the insurance company was careful to limit its liability to the employer in certain states to cases where there was liability under the Workmen's Compensation or occupational disease law of such state.

The insurance company's liability must be found in the contract made with the employer. To my way of thinking it has exempted itself from liability by the very provision under which the majority makes it liable because it only agreed to reimburse the employer for what he would be required to pay under the Workmen's Compensation Laws. I set out subsection One of "All States Endorsement":

"To reimburse the insured for all compensation and other benefits required of the insured under the workmen's compensation or occupational disease law of such state."

Nothing was collected for any coverage in Oklahoma as I construe the record.

Further, Clause "D" of said "All States Endorsement" provides as follows:

"The insurance afforded by the policy by virtue of this endorsement shall not constitute workmen's compensation insurance as required of an employer under the laws of any state."

The insurance company only agreed to pay in case the employer had to pay and the foregoing clause specifically says that it is, not workmen's compensation insurance. What more can an insurer say to protect itself.

It is my view that the majority opinion makes a different contract from that intended and written by the parties.

The contract of employment between the deceased employee and the employer contains the following provision:

"19. This contract shall not be effective unless signed and approved at the home office of Company at St. Louis, Missouri, and shall be deemed and considered a Missouri contract and interpreted as such. The Missouri Workmen's Compensation Law shall be exclusively applicable to all injuries

arising out of and in the course of employment, whether occurring in Missouri or in another state."

I will not attempt a discussion of the effect of this provision. Certainly, however, the petitioner to maintain this action must rely on the Laws of Oklahoma. This is not provided for either by statute or contract.

Whatever claim might have been established in Missouri, I would not hazard a guess but in Oklahoma no claim arising on the accident here can be justified under the plain provisions of the insurance policy.

I dissent.