**AIR FORCE CENTRAL WELFARE FUND and Aetna Casualty & Surety Company, a corporation, Petitioners,**

v.

**Jesse HENDERSON and State Industrial Court, Respondents.**

**No. 44259.**

Supreme Court of Oklahoma.

April 13, 1971.

Jay R. Bond, Ross, Holtzendorff & Bond, Oklahoma City, for petitioners.

Walter Liebel, Liebel & Shumake, Oklahoma City, for respondents.

IRWIN, Justice:

Tinker Cafeteria is located on Tinker Air Force Base and is part of the Air Force Central Welfare Fund. The Fund generates its own revenues for its operation and is a nonappropriated fund instrumentality of the Federal Government.

Jesse Henderson (claimant) was a civilian employee of the cafeteria and sustained an accidental injury in the course of her employment. She filed her claim for workmen's compensation benefits with the State Industrial Court and received an award. Presented for review is the order awarding workmen's compensation benefits to claimant.

The primary issue presented is: Does the State Industrial Court have jurisdiction to adjudicate a claim for workmen's compensation benefits of a civilian employee of a nonappropriated fund instrumentality of the Federal Government?

Petitioners contend that the State Industrial Court did not have jurisdiction because claimant's claim is subject to the exclusive jurisdiction of the United States Department of Labor since she was a civilian employee of a nonappropriated fund instrumentality of the Federal Government.

Claimant contends that the State Industrial Court had jurisdiction because the federal statutes require that such federal instrumentalities as the Air Force Central Welfare Fund place the financial burden for workmen's compensation benefits on nonappropriated fund activities rather than on the Federal Government. Claimant cites United States v. Forfari,

9 Cir., 268 F.2d 29, to sustain her position.

The Forfari case discloses that Forfari was a civilian employee of a nonappropriated fund instrumentality of the Federal Government, and sustained an accidental injury in the course of his employment. He brought an action in damages against the United States based on the provisions of the Federal Tort Claims Act (28 U.S.C. § 1346(b)) and received a judgment in his favor. On appeal to the Circuit Court of Appeals, that Court, in reversing the judgment of the trial court, held that Forfari was a federal employee at the time of his injury and was precluded from bringing an action under the Federal Tort Claims Act.

In Forfari, the employer, being a nonappropriated fund instrumentality of the Federal Government, had provided workmen's compensation benefits to its employees and Forfari had been awarded compensation benefits by California State Fund Insurance Company. The Circuit Court of Appeals pointed out that it was the practice of exchanges, food services, and the like, to provide workmen's compensation benefits to their employees.

Two federal statutes that were considered in the Forfari case were 5 U.S. C.A., § 150k and § 150k–1. In a footnote in that case, the Circuit Court of Appeals said:

"5 U.S.C.A. § 150k–1 was amended on July 18, 1958 (Public Law 85–538, § 1, 72 Stat. 397). As amended, 150k–1 now makes the Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C. A. § 901 et seq., applicable to civilian employees of any nonappropriated fund instrumentality described in § 150k. The amendment further provides that 'such liability shall be exclusive and · in the place of all other liability of the United States * * *.'"

"Thus, if Forfari's injuries had been sustained at the date of this writing, there would be no question but that he would have a right to compensation under the Longshoremen's and Harbor Workers' Compensation Act and would not have a right to sue under the Tort Claims Act."

The Forfari case was decided in 1959 and Forfari sustained his accidental injury on November 21, 1951.

5 U.S.C.A. § 105k, referred to in the above footnote is presently codified as 5 U.S.C.A. § 8171(a). As amended, this section provides: "Chapter 18 of title 33 (Longshoremen's and Harbor Workers' Compensation Act) applies with respect to disability or death resulting from injury, as defined by section 902(2) of title 33 (being defined as an accidental injury or death arising out of and in the course of employment), occurring to an employee of a nonappropriated fund instrumentality described by section 2105(c) of this title * * * *".

■■ Claimant is an employee of a nonappropriated fund instrumentality as described by § 2105(c), supra. Under the provisions of § 8171(a), supra, the Longshoremen's and Harbor Workers' Compensation Act applies with respect to disabilities occurring to an employee of a nonappropriated fund instrumentality. We hold that claimant, at the time of her injury, came within the purview of the Longshoremen's and Harbor Workers' Compensation Act, Chapter 18 of title 33. However, that part of § 903(a) of title 33 which follows the first comma does not apply to her. See 5 U.S.C.A. § 8171 (a), for this qualification.

We will now determine whether the State Industrial Court has jurisdiction to adjudicate claimant's claim or whether exclusive jurisdiction is vested in a federal tribunal.

5 U.S.C.A. § 8173, provides:

*"The liability of] the United States or of a nonappropriated fund instrumentality described by section 2105(c) of this title, with respect to the disability or death resulting from injury, as defined by section 902(2) of title*

33, of an employee referred to by sections 8171 and 8172 of this title, *shall be determined as provided by this subchapter. This liability is exclusive and instead of all other liability of the United States* or the instrumentality to the employee, his legal representative, spouse, dependents, next of kin, and any other person otherwise entitled to recover damages from the United States or the instrumentality because of the disability or death in a direct judicial proceeding, in a civil action, or in admiralty, or by an administrative or judicial proceeding under a workmen's compensation statute or under a Federal tort liability statute. Pub.L. 89–554, Sept. 6, 1966, 80 Stat. 556." (emphasis ours)

■ The above provision is clear and unambiguous. Exclusive jurisdiction to adjudicate a claim for workmen's compensation of an employee of a nonappropriated fund instrumentality of the federal government "shall be determined by this subchapter". The subchapter vests exclusive jurisdiction in a federal tribunal and not a state tribunal. In this connection see the footnote in the Forfari case, supra, which refers to the language "such liability shall be exclusive". We hold that the State Industrial Court did not have jurisdiction to adjudicate the workmen's compensation claim of claimant.

Claimant argues that Petitioners are estopped to challenge the jurisdiction of the State Industrial Court under 85 O.S.1961, § 65.2.

■ There is no evidence whatsoever that Aetna Casualty & Surety Company issued an insurance policy covering claimant, or any other employee of Tinker Cafeteria, for coverage under the Oklahoma Workmen's Compensation Act, or that claimant paid any premiums for coverage or that Aetna collected any premiums for coverage under the Oklahoma Workmen's Compensation Act. 85 O.S. 1961, § 65.2 is not applicable under the facts presented and Petitioners are not estopped to challenge the jurisdiction of the State Industrial Court.

Award vacated.

All the Justices concur.