**ALLIANCE TEMPORARY SERVICES, INC., and State Insurance Fund, Petitioners,**

v.

**Tony Ray McGEHEE; Sutherlands Well Service; and, the Workers' Compensation Court, Respondents.**

**No. 76485.**

Court of Appeals of Oklahoma, Division No. 1.

Dec. 17, 1991.

Anne Catherine Pittman, Oklahoma City, for petitioner, State Ins. Fund.

Steven A. Weeks, Oklahoma City, for respondent, Sutherlands Well Service.

Charles E. Payne, Oklahoma City, for respondent, Tony Ray McGehee.

## MEMORANDUM OPINION

GARRETT, Presiding Judge:

Tony Ray McGehee (Claimant) filed a Form 3 in the Workers' Compensation Court on November 23, 1988. He alleged he suffered an accidental injury arising out of and in the course of employment while employed by Sutherlands Well Service (Sutherlands), and named "Self Insurers Management Group" as insurance carrier. On January 25, 1989, he filed an Amended Form 3, alleging he was employed by Alliance Temporary Service (Alliance), and named "State Insurance Fund" (Fund), as insurance carrier. On February 20, 1989, he filed another amended Form 3, alleging his employer to be: "Alliance Temporary Service/Sutherlands Well Service", and the insurance carrier to be: "State Insurance Fund/Self Insurers Management Corporation" Sutherlands answered and denied that Claimant was employed by it. Alliance filed a separate Answer, admitted being Claimant's employer, and alleged Sutherlands was an improper party and should be dismissed. Fund filed a separate Answer and denied Claimant was employed by Alliance. Fund's Answer did not contain any allegation that Claimant was employed by anyone, and specifically did not allege Claimant was employed by Sutherlands.

Alliance served interrogatories on the Fund. The thrust of the issues raised was whether the fund issued a Workers' Compensation policy to Alliance and collected premiums for it from Alliance. The trial court conducted two pretrial conferences in this case. At the second conference, held September 5, 1989, the Fund admitted it issued a policy and collected premiums from Alliance. However, the Fund took the position that the correct employee classifications under the policy could make a difference with regard to its liability, and that an audit was underway to determine this. Despite this assertion, the Fund admitted that the policy contained no exclusions as to classifications. The trial court ruled at that pretrial conference that Claimant was the employee of Alliance, and that the Fund was estopped to deny coverage of Alliance at the time of Claimant's injury. The court found controlling the case of *Barney U. Brown & Sons v. Savage*, 208 Okl. 668, 258 P.2d 183 (1953), which holds that if a premium was paid on this claimant, there is coverage with the Fund. The trial court also dismissed Sutherlands from the proceeding as an improper party. The Fund appealed the decision as to Sutherlands' dismissal. The Supreme Court dismissed the appeal as premature, because the order failed to make a final determination as to the rights of all parties, or to make or deny an award of compensation. The Supreme Court's dismissal was without prejudice to the Fund raising all issues in a timely appeal after a final order was issued.

The trial was held September 24, 1990, on the merits of Claimant's injury, disability and compensation. Following the trial, the Fund brought this review proceeding and raises the issue that it was not given notice calculated to give due process and an opportunity to be heard on the issue of whether Sutherlands was a proper party to this proceeding. However, this issue was not presented to the trial court. The Fund also raises the issue that the trial court's order erroneously states that Sutherland's dismissal was pursuant to a stipulation of all parties. The record indicates that the Fund was given notice, and appeared, at each pretrial conference, as well as the trial in this matter. Although the record does not show that all parties stipulated to Sutherland's dismissal, this issue is irrelevant.

The trial court's ruling, with which we agree, was that the Fund was estopped to deny coverage when it admitted that it issued the policy and accepted premiums therefor. This is the law under the authority of *Brown v. Savage*, supra, and the Fund is estopped to deny the coverage. Its argument that it was denied due process is not well taken. The record shows it was given notice of every proceeding, that it appeared at every proceeding, and that it failed to make an offer of proof as to how its due process rights were violated with regard to the dismissal of Sutherlands. The issue of whether Sutherlands should be a party to the proceeding is immaterial. The issue [in determining Fund's liability] is whether Claimant was the employee of Alliance. Fund issued a policy to Alliance and collected the premiums. Alliance said Claimant was their employee, and, as a matter of law, Fund is estopped to deny the employment. The trial court correctly so held.

ORDER SUSTAINED.

BAILEY and ADAMS, JJ., concur.