The TRAVELER'S INSURANCE COMPANY, Petitioner,

v.

Lucky M. JONES; Arcadian Motor Carrier; and, the Workers' Compensation Court, Respondents.

No. 80691.

Court of Appeals of Oklahoma,
Division No. 1.

Nov. 2, 1993.

Certiorari Denied Jan. 12, 1994.

John M. Mackenzie, Tulsa, for petitioner.

Larry G. Taylor, Tulsa, for respondent.

## MEMORANDUM OPINION

JONES, Presiding Judge:

Respondent, Lucky Jones, was involved in a truck accident in Louisiana. She then filed a Form 3 in Oklahoma alleging her Employer to be Madison Employment Services, Inc., or Arcadian Motor Carrier. Counsel for Madison filed an entry of appearance for Traveler's on behalf of Madison. This attorney admitted Claimant was an employee of Madison at the time of the injury and also denied Traveler's provided coverage in Oklahoma. Additionally, counsel withdrew from representation of Madison because of conflict inherent in denying Madison had coverage in Oklahoma. Next, Arcadian entered a special entry of appearance and advised the Court that Claimant was not an employee of Arcadian but of Madison, and insurance was obtained through Traveler's.

The cause was tried and the trial judge found Claimant was an employee of Madison. Traveler's Insurance, Petitioner here, was found to be estopped to deny coverage in Oklahoma due to the fact that Traveler's had collected premiums on Madison's operations and employees conducting business in Oklahoma. The trial judge also found Arcadian jointly and severally liable for compensation

on the basis that they are the same legal entity, and Madison was created solely as a dummy corporation for the purpose of obtaining lower compensation rates in the state of Tennessee. Arcadian did not seek review of this finding here, and thus it is final. On Appeal to the Three Judge Panel, the award was upheld. Traveler's, in this review proceeding, seeks to overturn that portion of the order determining it to be liable for Respondent's compensation payments.

■ Petitioner here alleges error was committed when the Court determined there was a policy of insurance covering Respondent in the State of Oklahoma. The insurance contract in the record shows no coverage was provided for the State of Oklahoma. The Worker's Compensation Court has no constitutional or statutory power to reform an insurance policy, *Mid–Continent Casualty Co. v. Miller,* 451 P.2d 932 (Okla.1968), and thus the policy cannot be held to provide any entity Oklahoma coverage.

■ Secondly, the Compensation Court erred in holding Employer was estopped to deny coverage under 85 O.S. 1991 § 65.2. It would not be incorrect to find the Petitioner estopped to deny coverage because of payment of premiums for the employee *in states which the policy provides coverage.* However, the estoppel provision cannot be used to enlarge the contract to cover more states than it explicitly covers. Where there is no evidence that an insurer issued a policy or collected premiums for coverage *under this state's compensation act,* an insurance company is not estopped from challenging the jurisdiction of the Workers' Compensation Court to adjudicate a claim for compensation benefits. *Air Force Central Welfare Fund v. Henderson,* 483 P.2d 1154 (Okla.1971). The estoppel act does not deprive an insurance company of defenses contained in an endorsement attached to the insurance policy. *Melton v. U.S. Fidelity and Guaranty Co,* 220 F.2d 555 (10th Cir.1955). The record is absolutely silent insofar as demonstrating that premiums were collected for coverage under this state's compensation law. Addi-

tionally, the record demonstrates the worker's compensation policy considered in this review proceeding does not provide coverage under the compensation laws of this state.

In this review proceeding the record discloses the Petitioner, Traveler's Insurance, did not issue a policy which provides coverage under the Oklahoma Compensation laws, nor did it collect premiums for coverage of Ms. Jones in this State. Therefore, the Three Judge Panel erred as a matter of law in finding Petitioner Traveler's Insurance responsible for payment of compensation benefits to Ms. Jones, and the decision of the Three Judge Panel is vacated only insofar as it holds Petitioner, Traveler's, responsible for payment of the award in this cause. The remainder of the order is not affected.

AFFIRMED IN PART AND VACATED IN PART.

HANSEN, C.J., and ADAMS, J., concur.