Tony Ray McGEHEE, Appellant,

v.

STATE INSURANCE FUND, Appellee.

No. 83292.

Supreme Court of Oklahoma.

July 18, 1995.

Rehearing Denied Oct. 24, 1995.

---

**5.** *M.J.P. v. J.G.P.*, 640 P.2d at 968.

Wayne Wells, Edmond, for appellant.

Thomas L. Spencer, Oklahoma City, for appellee.

KAUGER, Vice Chief Justice:

The only issue addressed on certiorari is whether the employee's bad faith denial of a workers' compensation claim against the State Insurance Fund (the Fund) was timely brought. We find that the employee's bad faith claim is untimely under either 12 O.S. 1991 § 95[1] or the Governmental Tort Claims Act, 51 O.S.1991 § 151, et seq.

## FACTS

This cause concerns the assertion by the appellant, Tony McGehee (McGehee/the employee), that the appellee, the State Insurance Fund (the Fund), in bad faith, denied his claim for benefits.[2] On November 8, 1988, McGehee injured his head and neck while working on an oil well. He sought workers' compensation benefits alleging that he was employed by Alliance Temporary Service (Alliance/the employer) and naming the Fund as Alliance's insurance carrier.

On August 24, 1989, the Fund answered McGehee's claim, denying that he was employed by Alliance, and denying coverage under Alliance's insurance policy. The Workers' Compensation Court found that McGehee was an employee of Alliance, and that the Fund was estopped from denying workers' compensation coverage.[3] The Fund appealed, and the Court of Appeals sustained

---

1. Title 12 O.S.1991 § 95, see note 9, infra, and accompanying discussion.

2. The facts surrounding the Fund's denial of McGehee's claim for workers' compensation benefits are fully recited in *Alliance Temporary Serv., Inc. v. McGehee*, 822 P.2d 692 (Okla.App.1991).

3. The Workers' Compensation Court relied on 85 O.S.1991 § 65.2, which provides that an insurer is estopped from denying coverage if the insurer received or collected premiums on an insurance policy covering the employer, when it found that the Fund was estopped from denying coverage. We note that references to statutes which have remained unaltered since 1988 will be to the current statute.

the Workers' Compensation Court.[4] After the mandate was issued, the Fund paid McGehee his awarded benefits, attorney's fees, and interest.

On September 17, 1993, McGehee filed a petition in district court against the Fund, seeking actual and punitive damages. He alleged that since November 8, 1988, the Fund had, in bad faith, denied his workers' compensation claim. The Fund moved to dismiss, arguing that the employee's failure to comply with the Governmental Tort Claims Act, 51 O.S.1991 § 151 et seq. (the Act), and the expiration of the statutes of limitations which govern either the Act or tort actions in general barred McGehee's lawsuit.

The trial court granted the Fund's motion to dismiss. Although the employee conceded that he did not comply with the Act, he appealed arguing that the Act did not apply to bad faith claims brought against the Fund. The Court of Appeals affirmed, and we granted certiorari on October 25, 1994.

## THE EMPLOYEE'S BAD FAITH CLAIM IS UNTIMELY UNDER EITHER 12 O.S. 1991 § 95 OR THE GOVERNMENTAL TORT CLAIMS ACT.

The Fund asserts: 1) that an action for the bad faith denial of a claim for workers' compensation benefits accrues when the insurer initially denies the claim; 2) that the latest possible point in which it could be found to have denied the employee's claim is when it filed an answer to the employee's workers' compensation suit in August of 1989, denying that McGehee was employed by Alliance and denying insurance coverage; and 3) that McGehee's claim expired under either the Act or the two-year tort limitations period.[5] The employee counters that his bad faith tort

claim was timely because his cause of action did not arise until he knew or should have known that the denial was improper or in bad faith. The employee contends that he could not have known that the Fund's denial was in bad faith until he won on appeal, and that because until the Fund's denial of his workers' compensation claim was upheld, a bad faith cause against the Fund could not have arisen.[6]

The employee alleged that since November of 1988, the Fund acted in bad faith in denying his claim. In his brief opposing the Fund's motion to dismiss, the employee argued that his evidence would demonstrate that the Fund unreasonably denied his claim. McGehee asserted that, in the workers' compensation proceeding: 1) although the Fund admitted that McGehee sustained an on-the-job injury and that he was employed by Alliance and covered under the Workers' Compensation Act, it continued to deny McGehee's claim for workers' compensation benefits; 2) the Fund offered no evidence that McGehee was not employed by Alliance; and 3) the Fund denied that McGehee was employed by Alliance and covered by its insurance policy, yet the Fund had considered McGehee an employee of Alliance and covered by the same policy when it paid other compensation that McGehee had filed on several occasions prior to McGehee's injury in November of 1988.

The Workers' Compensation Court issued its order on September 26, 1989, four years before McGehee filed the present cause. The limitations period for a tort claim, if brought pursuant to the Act, is governed by 51 O.S.1991 § 156 B which requires notice of a tort claim to be filed within one year of loss.[7] Here, it is undisputed that

---

4. See, *Alliance Temporary Serv., Inc. v. McGehee,* note 2 at 693, supra.

5. The employee first attempted to sue the Fund in federal court in October of 1992. The federal court dismissed the action in January of 1993, for lack of diversity. McGehee filed the present cause in September of 1993.

6. The appeals were completed in the employee's workers' compensation cause against the Fund, see *Alliance Temporary Serv., Inc. v. McGehee,* note 2, supra, in December of 1991.

7. Title 51 O.S.1991 § 156 B provides:

"Claims against the state or a political subdivision are to be presented within ninety (90) days of the date the loss occurs. In the event a claim is presented following ninety (90) days after the loss occurs, but within one (1) year after the loss occurs, any judgment in a lawsuit arising from the act which is the subject of the claim shall be reduced by ten percent (10%). A claim against the state or a political subdivision shall be forever barred unless notice

McGehee did not bring his claim within the confines of the Act. The Act requires that a plaintiff give notice and commence an action within the statutory time limits.[8] A bad faith tort claim which is not brought under the Act is governed by 12 O.S.1991 § 95, the two-year tort limitation period.[9] We find that the employee's attempted bad faith claim is untimely under either 12 O.S.1991 § 95 or the Governmental Tort Claims Act, 51 O.S.1991 § 151, et seq.

## CONCLUSION

Assuming that the employee's alleged bad faith claim arose at the latest possible date when he knew or should have known that the Fund was acting in bad faith when it denied his claim, it accrued sometime prior to the Workers' Compensation Court's issuance of its order finding that the Fund was estopped from denying McGehee's coverage under the Alliance policy. The Workers' Compensation Court issued its order on September 26, 1989, four years before McGehee filed the present cause. Because the employee's alleged bad faith tort claim was brought after either the Act's limitations period or the two-year tort limitation period expired, it was untimely.

**CERTIORARI PREVIOUSLY GRANTED; COURT OF APPEALS OPINION VACATED; TRIAL COURT AFFIRMED.**

ALMA WILSON, C.J., and HODGES, SIMMS, OPALA and WATT, JJ., concur.

thereof is presented within one (1) year after the loss occurs."
This statute was amended in 1992 and the current version provides:
"Claims against the state or a political subdivision are to be presented within one (1) year of the date the loss occurs. A claim against the state or a political subdivision shall be forever barred unless notice thereof is presented within one (1) year after the loss occurs."

8. *Gurley v. Memorial Hosp. of Guymon,* 770 P.2d 573, 576 (Okla.1989); *Jarvis v. City of Stillwater,* 732 P.2d 470, 473 (Okla.1973); *Johns v. Wynnewood School Bd. of Educ.,* 656 P.2d 248, 249 (Okla.1982). See also, *Willbourn v. City of Tulsa,*

LAVENDER and SUMMERS, JJ., concur in result.

HARGRAVE, J. dissents.

721 P.2d 803, 805 (Okla.1986). (Recognizing that a plaintiff must comply with the notice provisions of the Act, and timely initiate an action under the Act to withstand a demurrer.).

9. *Lewis v. Farmers Ins. Co., Inc.,* 681 P.2d 67, 70 (Okla.1983). Title 12 O.S.1991 § 95 provides in pertinent part:
"Civil actions other than for the recovery of real property can only be brought within the following periods, after the cause of action shall have accrued, and not afterwards:
... Within two (2) years: An action for ... injury to the rights of another, not arising in contract, and not hereinafter enumerated ..."
Section 95 was amended in 1992 and 1994; however, the pertinent part remains unchanged.