1998 OK CIV APP 5

**CH WELL SERVICING, INC.,**
an Oklahoma corporation,
Plaintiff/Appellant,

v.

**STATE INSURANCE FUND,**
Defendant/Appellee.

No. 89084.

Court of Civil Appeals of Oklahoma,
Division No. 1.

Sept. 16, 1997.

Certiorari Denied Jan. 6, 1998.

Max C. Tuepker, Max C. Tuepker, P.C., and Joe E. White, Jr., White Law Firm, Oklahoma City, for Plaintiff/Appellant.

D. Craig Johnston, David C. Johnston, Jr., David C. Johnston, Jr., P.C., Oklahoma City, for Defendant/Appellee.

OPINION

BUETTNER, Judge.

¶ 1 The basic facts of this case are undisputed. The State Insurance Fund (Fund) issued a workers' compensation and employers liability insurance policy to CH Well Servicing, Inc. (Company) covering the time period April 1, 1993 to April 1, 1994. The policy specifically covered employees hired in the State of Oklahoma. Unknown until Fund's audit in April 1994, Company had paid premiums for Texas hires who worked and lived in Texas. Upon discovery of the mistake, Fund informed Company that the Company should obtain a Texas workers' compensation policy for Texas hires and adjusted the premium payments to show the deletion of those employees from coverage. Company sued Fund to recover the premiums paid on behalf of the Texas hires. Company and Fund filed motions for summary judgment. The trial court granted summary judgment in favor of Fund. We affirm.

¶ 2 Company contends that because the contract for 1993–1994 did not cover Texas hires by its express terms, then Fund should refund an amount corresponding to that which Company paid in premiums for its Texas hires during that time. Fund responds that Company submitted data on the employees and in any event, it assumed the risk of covering those employees, as shown

by its payment of the only claim submitted by one of the Texas hires.

¶3 The appellate standard of review of summary judgments is *de novo*. *Carmichael v. Beller*, 1996 OK 48, 914 P.2d 1051, 1053. The only evidence submitted to the trial court was a copy of the certificate of insurance which disclaimed liability for out-of-state hires and the deposition of the designated representative of the State Insurance Fund. Based on the evidence that Company presented Fund with monthly payrolls for employees, but without indications that some were out-of-state hires, and that Fund assessed and accepted premium payments based on the data submitted by Company, we find that Company is not entitled to a refund of premiums paid for the out-of-state hires.

■ ¶4 Central to our decision is the applicability of 85 O.S.1991 § 65.2. Section 65.2 provides:

Every employer and every insurance carrier who schedules any employee as a person employed by the employer for the purpose of paying or collecting insurance premiums on a Workmen's Compensation insurance policy or who pays, receives or collects any premiums upon any insurance policy covering the liability of such employer under the Workmen's Compensation Law by reason of or upon the basis of the employment of any such employee shall be estopped to deny that such employee was employed by the employer in a hazardous employment subject to and covered by the Workmen's Compensation Law if such person receives an accidental personal injury arising out of and in the course of his employment, during the period for which such premium was so received, regardless of the type of business in which the employer was engaged or the type of employment in which the employee was engaged at the time of such injury.

¶5 In *Barney U. Brown & Sons v. Savage*, 1953 OK ——, 208 Okla. 668, 258 P.2d 183, Savage was employed in the company's feed and grain business in Enid. The company had a second business, oil and gasoline sales, in Oklahoma City. The company had a workers' compensation insurance policy with the Fund for its oil and gasoline business

only. Savage, however, was listed as an employee in the schedule of employees upon which basis Fund computed its premiums. Savage was injured in the course of his employment and received benefits. The court cited § 65.2 and stated that the "coverage is effected under the Act through a conclusive presumption in his favor, where premiums on the policy in existence have been 'paid, collected, or' his employment 'considered or used in determination of the amount of premium collected upon such policy'. (internal citation omitted)." The court reasoned that the "employee should not have to suffer for the combined or individual mistake of his employer and/or the insurance carrier in computing, paying and/or collecting the proper amount of premium on the policy—a mistake for which he was in no way responsible." *Barney U. Brown & Sons*, 258 P.2d at 186. If the Fund accepts premiums, it cannot deny coverage. *Alliance Temporary Services, Inc. v. McGehee*, 1991 OK CIV APP 129, 822 P.2d 692.

¶6 Company's citation to *Traveler's Ins. Co. v. Jones*, 1993 OK CIV APP 176, 867 P.2d 1353 does not help Company. In that case, the court held that estoppel under 85 O.S.1991 § 65.2 did not apply because there was no evidence that the insurer collected premiums on the claimant under Oklahoma's workers' compensation law. In the instant case, all of Company's employees were scheduled under an Oklahoma workers' compensation policy and premiums collected.

¶7 Company also argues that general estoppel theory prevents application of estoppel in this case, citing *Burdick v. Independent School Dist. No. 52 of Oklahoma County*, 1985 OK 49, 702 P.2d 48, 55. However, the Oklahoma Supreme Court in the case of *Dominic v. Creek Nation*, 1997 OK ——, 936 P.2d 935, stated, with respect to § 65.2:

The claimant who, like Dominic, relies upon estoppel must show 1) an injury that occurred during the time her employer maintained a compensation liability policy, 2) the insured employer's payment of premiums based on the claimant's salary, and 3) claimant's injury occurred in and arose out of her employment with the insured employer. *This proof brings the insurer*

*under the estopped act's compensation liability.*

(Emphasis in original.)

¶ 8 Thus, the scheduled employees, on whose salaries premiums were paid, would have been able to invoke § 65.2 by meeting the other two elements described in *Dominic.*

¶ 9 Company cites cases holding that an insurer will be estopped from avoiding its obligations under the contract if it retains the premiums. See *Great American Reserve Ins. Co. v. Strain,* 1962 OK ——, 377 P.2d 583, 588; *Commercial Standard Ins. Co. v. Remer,* 119 F.2d 66 (10th Cir.1941); *Overstreet v. Kentucky Central Life Ins. Co.,* 950 F.2d 931, 941 (4th Cir.1991); *International Harvester Credit Corporation v. American Bankers Ins. Co. of Fla.,* 695 F.2d 231, 234 (6th Cir.1982). Thus, even under general insurance law, the Fund was obligated on the risk during the policy year.

¶ 10 Because we determine that § 65.2 is applicable to the undisputed facts of this case, the premiums were earned and Appellant received the benefit of its bargain.

AFFIRMED.

HANSEN, P.J., and JOPLIN, J., concur.