1999 OK CIV APP 64

**Martin Emery HEINTZ, Appellant,**

v.

**TRUCKS FOR YOU, INC., an Oklahoma corporation, and Risk Management Solutions, Inc., Appellees.**

No. 92,215.

Court of Civil Appeals of Oklahoma, Division No. 2.

April 13, 1999.

Certiorari Denied June 3, 1999.

David C. Bean, David Garrett Law Office, P.C., Muskogee, Oklahoma For Appellant.

Thomas D. Hird, Phil R. Richards, Rachel C. Mathis, Richards & Associates, Tulsa, Oklahoma For Appellees.

REIF, J.

¶1 Martin Emery Heintz appeals the dismissal of the suit he filed against his employer Trucks For You, Inc., for alleged bad faith in handling his workers' compensation claim. There was no controversy that Mr. Heintz sustained a serious job-related injury in a motor vehicle collision that was not his fault. Mr. Heintz contended that Trucks For You acted in bad faith by (1) waiting an unreasonable time to make an offer for subrogation apportionment of settlement proceeds paid by the driver who caused the accident, and (2) delaying payment of a portion of the trial court's permanent partial disability award that he contends was "undisputed," despite

an appeal of that award by Trucks For You. Trucks For You convinced the trial court that Mr. Heintz had failed to state a cognizable claim against it because (1) Trucks For You was approved to bear its "own risk" for workers' compensation without insurance, (2) a cause of action for bad faith lies only against an insurance company that acts unreasonably in the performance of an insurance contract, and (3) all of the acts constituting the alleged bad faith occurred prior to a *final* award by the workers' compensation court.

¶2 The motion to dismiss of Trucks For You included a copy of the order by the administrator of the workers' compensation court that exempted Trucks For You from carrying compensation insurance and permitting Trucks For You to carry its own risk. In responding to the motion to dismiss, Mr. Heintz likewise attached evidentiary materials to support his positions that Trucks For You unreasonably delayed settlement of the subrogation controversy and disregarded his notice and demand for payment of the "undisputed" portion of the award. "[When] matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment." 12 O.S.1991 § 2012(B).

¶3 Where a summary judgment record contains evidentiary materials which indicate "there is no substantial controversy as to a fact material to plaintiff's cause of action, and this fact is in the defendant's favor, the plaintiff has the burden of showing that evidence is available which would justify trial of the issue." *Weeks v. Wedgewood Village, Inc.,* 1976 OK 72, ¶13, 554 P.2d 780, 785 (footnote omitted). "Summary judgment should be granted where facts set forth in detail [by the evidentiary material] show there is no substantial controversy as to any material fact." *Id.* at ¶12, 554 P.2d at 784 (footnote omitted).

¶4 The evidentiary materials and admissions in Mr. Heintz's petition and response reveal that there is no dispute concerning the following events:

| | |
|---|---|
| September 30, 1996 | The administrator of the workers' compensation court enters an order exempting Trucks For You from carrying compensation insurance and permitting Trucks For You to carry its own risk from July 1, 1996, to July 1, 1997. |
| October 11, 1996 | Mr. Heintz sustains a job-related injury as the result of a motor vehicle collision that was not his fault. |
| November 15, 1996 | Mr. Heintz files a claim with the workers' compensation court concerning the October 11 injury. |
| May 20, 1997 | Counsel for Mr. Heintz extends a written offer to apportion a $44,700 settlement from the driver who caused the accident on the basis of 78% to Mr. Heintz and 22% to Trucks For You. Counsel for Mr. Heintz also offered to forego any claim to attorney fees on the 22% Trucks For You share of $44,700. However, counsel for Mr. Heintz further indicated that an attorney fee would be charged on the 22% Trucks For You share of any future recovery. |
| November 10, 1997 | Mr. Heintz files suit pursuant to 85 O.S.1991 § 44, asking the district court of Muskogee County to apportion the $44,700 recovery between Mr. Heintz and Trucks For You. |
| March 2, 1998 | A trial judge of the workers' compensation court issues an order awarding Mr. Heintz $47,412 for permanent partial disability and disfigurement, with $16,682.50 reduced to a lump sum. |
| March 12, 1998 | Trucks For You appeals the March 2 order for review by a three-judge panel of the workers' compensation court. |
| March 27, 1998 | Counsel for Mr. Heintz makes demand that Trucks For You pay $19,557, notwithstanding the pending appeal to the three-judge panel. Counsel asserts that the liability of Trucks For You for this amount was "undisputed." Counsel for Mr. Heintz based this demand on the fact that the three-judge panel could not reduce the trial court's award below this amount based on the range of medical evidence and the propositions of error raised by Trucks For You. |
| May 4, 1998 | Mr. Heintz accepts the offer of Trucks For You for ⁵⁄₁₀ apportionment of the funds received from the driver who caused the accident. According to the record of settlement, this was the first offer received from Trucks For You concerning apportionment. |
| May 20, 1998 | Mr. Heintz files this suit alleging bad faith on the part |

of Trucks For You for waiting an unreasonable length of time to make an offer to apportion the tort recovery and for not paying the undisputed portion of the workers' compensation award.

May 27, 1998 — A three-judge panel affirms the trial court's award.

June 16, 1998 — Trucks For You filed a petition with the Oklahoma Supreme Court to review the award.

June 19, 1998 — Trucks For You tenders $19,469.92 to Mr. Heintz despite the pending petition for review filed with the Supreme Court.

■ ¶ 5 The evidentiary materials and admissions in Mr. Heintz's petition and response reveal that there is no substantial controversy that the conduct of Trucks For You, upon which Mr. Heintz relies to show bad faith, predates a final award by the workers' compensation court. In *Anderson v. U.S. Fidelity and Guar. Co.*, 1997 OK 124, ¶ 1, 948 P.2d 1216, the supreme court gave an unequivocal *negative answer* to the question:

> Does Oklahoma law recognize the tort of bad faith for unjustified denial of workers' compensation ... or the assertion of a groundless defense, based on ... conduct that predated the claimant's workers' compensation award?

*Anderson* reaffirmed prior holdings in *Whitson v. Oklahoma Farmers Union Mut. Ins. Co.*, 1995 OK 4, ¶ 9, 889 P.2d 285, 287 (citation omitted). The *Whitson* court held that bad faith liability "arises ... only after there has been an award," and *Goodwin v. Old Republic Ins. Co.*, 1992 OK 34, ¶ 14, 828 P.2d 431, 435, held that a common law tort action lies for "bad faith-intentional failure to pay benefits under an award." *See also Cooper v. National Union Fire Ins. Co.*, 1996 OK CIV APP 52, 921 P.2d 1297.

¶ 6 The *Anderson* case also dispelled any uncertainty that may have been caused by the case of *McGehee v. State Insurance Fund*, 1995 OK 85, 904 P.2d 70. *Anderson* made it clear that *McGehee* should not be read as recognizing that pre-award conduct could form the basis of a bad faith claim.

■ ¶ 7 The law is similarly clear that Trucks For You incurred no "undisputed" liability under the award entered by the workers' compensation trial judge until the three-judge panel decided the appeal brought by Trucks For You. The case of *Parks v. Norman Municipal Hospital*, 1984 OK 53, ¶ 5, 684 P.2d 548, 549–50 (footnotes omitted), held that an appeal to a three-judge panel is an "intra-court re-examination of compensation claims." The three-judge panel review is the successor to the en banc review which "was to be regarded not as a separate appellate tribunal but as a division of a first-instance court." *Id.*, 684 P.2d at 550. *Parks* stresses that "the decision reached on intra-court re-examination replaces by substitution that of the single judge." *Id.* at ¶ 8, 684 P.2d at 550 (footnote omitted).

¶ 8 In the event of an unsuccessful appeal to the three-judge panel by an employer or insurer, the legislature has provided for the recovery of interest on the award. 85 O.S. Supp.1998 § 3.6(A). In addition, in cases where there has been an unreasonable denial of benefits, the legislature has authorized the assessment of costs. 85 O.S. Supp.1998 § 30. In the absence of some indication that these remedies are inadequate, the courts must defer to the legislature's wisdom and refrain from extending the tort of bad faith for the delay in paying benefits that is occasioned by an appeal of an award to the three-judge panel. Indeed, the supreme court has held that "[t]here is no reason to allow a tort cause of action for a too aggressive defense of a workers' compensation claim," which has included an unsuccessful appeal. *Whitson*, 1995 OK 4, ¶ 10, 889 P.2d at 288.[1]

¶ 9 In reviewing this case, we have assumed that an own risk employer is obligated to deal fairly and in good faith when handling its employees' workers' compensation claims and is liable for bad faith under the same circumstances as an insurance carrier. We

---

1. Mr. Heintz has also acknowledged that Trucks For You has sought supreme court review of the three-judge panel's order. "Generally, a judgment is not final in the sense that it is conclusive upon the parties until the losing party has failed within the time allowed by law to perfect his appeal, or having properly perfected his appeal until the highest court whose decision is invoked by either party upholds the decision of the trial court." *State ex rel. Derryberry v. Kerr McGee Corp.*, 1973 OK 132, ¶ 32, 516 P.2d 813, 820 (citations omitted).

make this assumption based on the supreme court's statement in *Lum v. Lee Way Motor Freight, Inc.,* 1987 OK 112, ¶ 30, 757 P.2d 810, 819, that "own-risk insurers are, by virtue of their permit, authorized to 'transact' workers' compensation insurance in Oklahoma much the same as stock companies or mutual associations issuing insurance covering the liability of employers." The court further observed "[t]heir liability for injuries sustained during the life of the own-risk permit is analogous to that of insurance carriers." *Id.*

¶ 10 We merely assume the liability for bad faith, rather than decide it as did the trial court, because Mr. Heintz's cause of action fails on the narrower grounds that the alleged bad-faith conduct predated a final award. Such assumptions for purposes of appellate review facilitate a decision of a particular case, but leave the issue for decision in a more appropriate case. *See Anderson,* 1997 OK 124, ¶ 10, 948 P.2d at 1217, discussing the appellate assumption made in *McGehee v. State Insurance Fund,* 1995 OK 85, 904 P.2d 70.

¶ 11 The trial court correctly dismissed Mr. Heintz's bad faith suit against Trucks For You and its adjustor agent, and that dismissal is AFFIRMED.

¶ 12 BOUDREAU, V.C.J., and STUBBLEFIELD, P.J., concur.

