William COOPER, Appellant/Counter–Appellee,

v.

NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PENNSYLVANIA, Appellee/Counter–Appellant.

No. 84766.

Court of Appeals of Oklahoma, Division 4.

April 30, 1996.

Certiorari Denied July 10, 1996.

Bryce A. Hill, Hill & Knight, Tulsa, for Appellant.

Kirsten E. Pace, Galen L. Brittingham, Atkinson, Haskins, Nellis, Boudreaux, Holeman, Phipps & Brittingham, Tulsa, Catherine C. Taylor, Rhodes, Hieronymus, Jones, Tucker & Gable, Tulsa, for Appellee.

REIF, Judge.

Both plaintiff and defendant insurance company appeal the judgment on the jury verdict that awarded plaintiff actual and punitive damages for defendant's "bad faith" failure to timely pay workers' compensation benefits. Plaintiff contends that the jury's award of $10,000 in actual damages and $10,000 in punitive damages was inadequate and seeks a new trial on the issue of damages. Defendant believes that the trial court should have directed a verdict in its favor.

In his appeal, plaintiff argues the award would have been greater if the trial court had not erred in: (1) limiting proof of acts of "bad faith" to the period *after* the award, rather than allowing plaintiff to show the entire course of conduct and dealings; (2) refusing to remove the statutory limit on punitive damages; and (3) improperly instructing the jury that plaintiff had the burden to prove intentional acts, rather than "unreasonable" behavior to establish defendant's "bad faith." In its counter-appeal, defendant argues that: (1) plaintiff's evidence was insufficient to establish intentional "bad faith" by defendant company or its independent contractor adjuster; (2) a workers' compensation court order denying revocation of insurance company's license was res judicata that insurance company's failure to timely pay plaintiff was *not* intentional; and (3) evidence of insurance company's lack of knowledge of the adjuster's failure to timely pay and the company's non-ratification of this conduct was wrongfully excluded. For the reasons that follow, we reject the contentions of both plaintiff and defendant and affirm.

█ Tort liability for an insurer's breach of the implied covenant and duty to deal fairly and in good faith in fulfilling its obligations under a contract of insurance is grounded in case law. Review of cases dealing with the liability of a workers' compensation carrier reveals that tort liability of the workers' compensation carrier *"arises against the insurer only after there has been an award against the employer."* Whitson v. Okla. Farmers Union Mut. Ins., 889 P.2d 285, 287 (Okla.1995) (emphasis in original) (citing Goodwin v. Old Republic Ins. Co., 828 P.2d 431 (Okla.1992)). Additionally, in discussing the basis for such liability on the part of a workers' compensation carrier, the supreme court stated, "[i]f an employee is injured by an insurer's bad faith-*intentional* failure to pay benefits under an award, the employee has a common law action in tort." Goodwin, 828 P.2d at 435 (emphasis added). The opening sentence of the Goodwin opinion further reveals that the basis for the liability is something more than simply "unreasonable" conduct. The opinion states that the issue before the court was "whether a workers' compensation insurance company may be subjected to liability in tort for a *wilful, malicious and bad faith* refusal to pay an employee's workers' compensation award." Id. at 431 (emphasis added).

█ Even though the bad faith element of a cause of action against a workers' compensation insurer is something more than "unreasonable" conduct, it is not necessarily conduct evincing a wanton or reckless disregard for the rights of another, oppression, fraud, or malice. A plaintiff can succeed in establishing "bad faith" on the part of an insurer that is sufficient to support an award of actual damages, but insufficient to support submission of the issue of punitive damages. McLaughlin v. National Ben. Life Ins. Co., 772 P.2d 383, 387–89 (Okla.1988). The "bad faith" must be accompanied by *some* "aggravating circumstance" to warrant submission of punitive damages to the jury under McLaughlin, while clear and convincing evidence of the requisite "evil intent" is required to submit the issue of punitive damages that exceed the actual damages under

23 O.S.1991 § 9.[1]  Case law is equally clear that the existence of penalties for suspension of an insurer does not preclude recovery for the bad faith tort, *Goodwin*, 828 P.2d at 435, and that an insurer cannot avoid liability for "bad faith" failure to pay simply because it was due to the act of an independent contractor adjuster, given the non-delegable nature of the duty to deal fairly and in good faith. *Timmons v. Royal Globe Ins. Co.*, 653 P.2d 907 (Okla.1982).

Both the trial court and this court are bound by the foregoing case authority which is clearly dispositive of the assignments of error by both plaintiff and defendant.  The only issues that warrant extended discussion are the trial court's rulings on the sufficiency of the evidence and the issue of punitive damages.  First, the underlying intentional, wilful and malicious bad faith failure to pay was sufficiently established by defendant's (1) *disobedience to a clear and unequivocal court order* to make payments *weekly* and (2) its failure to do so for three consecutive weeks without valid cause.  Additionally, defendant's explanation that its failure in this regard does not deviate from a widespread industry practice of not making weekly payments, in spite of court orders to do so, furnishes a sufficient "aggravating circumstance" of blatant, indifferent disobedience to a court order, as well as plaintiff's rights, to warrant submission of the issue of punitive damages to the jury.

The fact, however, that such reckless disregard was "plainly shown" as required by *McLaughlin*, is not the same thing as it being demonstrated by clear and convincing evidence, as required by 23 O.S.1991 § 9.  In reaching the decision to limit potential punitive damages to actual damages, the trial court was permitted to weigh the evidence, and the court's finding that there was not clear and convincing evidence of the statutory evil intent is not against the clear weight of the evidence.

1.  This section, which was in effect at the time of trial, was repealed in 1995 and replaced by 23

In conclusion, we hold that the trial court did not err in (1) limiting evidence on the issue of defendant's bad faith to its post-award conduct, *Whitson*; (2) tailoring jury instructions to case law pronouncements that an insurer's bad faith be intentional, wilful, and malicious, *Goodwin*; (3) submitting the issues of defendant's bad faith and punitive damages to the jury, but refusing to allow the jury to consider punitive damages in excess of actual damages; (4) denying res judicata effect to the order in the workers' compensation suspension proceeding, *Goodwin*; and (5) holding defendant liable for the independent adjuster's act notwithstanding defendant's alleged lack of knowledge of such acts, *Timmons*.  Accordingly, the judgment on the jury verdict is AFFIRMED.

TAYLOR, P.J., and RAPP, C.J., concur.