**Albert RACINE, Plaintiff,**

v.

**AMERICAN INTERNATIONAL ADJUSTMENT COMPANY, INC., Defendant.**

**No. 2:97–cv–10.**

United States District Court, D. Vermont.

Oct. 7, 1997.

Christopher Joseph McVeigh, Paul, Frank & Collins, Inc., Burlington, VT, for Plaintiff.

Robert H. Erdman, Dinse, Erdman, Knapp & McAndrew, Burlington, VT, for Defendant.

OPINION AND ORDER

SESSIONS, District Judge.

This matter is before the Court on a Motion for Judgment on the Pleadings filed by Defendant American International Adjustment Company, Inc. ("AIAC") pursuant to Fed.R.Civ.P. 12(c). AIAC seeks dismissal of

---

a claim of breach of good faith and fair dealing in an action brought by Plaintiff Albert Racine ("Racine"). For the reasons that follow, AIAC's Motion for Judgment on the Pleadings (paper 11) is denied.

## I. *Factual Background*

In April 1987, Racine fell from the roof of the Burlington High School which he was inspecting within the course and scope of his employment as Superintendent of Buildings for the Burlington School System. Racine suffered multiple severe injuries and submitted a claim under the Vermont Worker's Compensation Act with AIAC, which was the workers' compensation carrier for the Burlington School System.

The parties entered into a permanent partial impairment agreement in November 1990. Racine agreed to the permanent partial impairment agreement based in part upon representations allegedly made by AIAC that permanent total disability benefits would follow once the partial disability benefits were exhausted. However, according to the complaint, once the permanent partial disability benefits terminated, AIAC denied his claim for permanent total disability benefits, relying on his agreement to accept permanent partial disability benefits. This lawsuit followed, in which Racine alleged violation of an obligation of good faith and fair dealing and intentional infliction of emotional distress ("IIED").

## II. *Discussion*

### A. Standard

On a motion for judgment on the pleadings under Fed.R.Civ.P. 12(c), "all allegations in the complaint must be accepted as true; all inferences must be drawn in favor of the plaintiff; and dismissal is proper only when it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Sheppard v. Beerman*, 94 F.3d 823, 827 (2d Cir.1996) (internal quotation omitted).

### B. Good Faith and Fair Dealing and IIED

AIAC asserts that an insurance carrier does not owe a duty of good faith and fair dealing to third-party claimants, relying on a recent Vermont Supreme Court opinion, *Larocque v. State Farm Insurance Company*, 163 Vt. 617, 660 A.2d 286 (1995), in which the Court concluded that a liability insurance carrier did not owe such a duty to a third party claimant.

■ Under the Vermont Workers' Compensation Act, an individual claimant has a direct right to enforce the liability of an insurance carrier for the payment of a workers' compensation claim. Vt.Stat.Ann. tit. 21, § 693 (1987). In *Marsigli's Estate v. Granite City Auto Sales, Inc.*, 124 Vt. 95, 106, 197 A.2d 799, 807 (1964), the Vermont Supreme Court stated:

> Under our workmen's compensation act, the liability of an insurance carrier who undertakes to protect an employer is more than that of a mere indemnitor. Its liability is primary and direct. The statute affords the injured employee the option of proceeding directly against the insurer as a party defendant.

This principle clearly distinguishes claims under workers' compensation statutes from third party claims upon liability insurance carriers.

■ In the instant case, taking the allegations of the complaint as true, AIAC entered into direct settlement discussions with Racine, resulting in a contractual agreement. As a result, AIAC owed a duty of good faith and fair dealing to Racine in fulfilling its obligations to him under its agreement.

> An underlying principle implied in every contract is that each party promises not to do anything to undermine or destroy the other's rights to receive the benefits of the agreement. The implied covenant of good faith and fair dealing exists to ensure that parties to a contract act with faithfulness to an agreed common purpose and consistency with the justified expectations of the other party.

*Carmichael v. Adirondack Bottled Gas Corp.*, 161 Vt. 200, 208, 635 A.2d 1211, 1216 (1993) (citations and internal quotations omitted). *See also Logan v. Bennington College Corp.*, 72 F.3d 1017, 1025 (2d Cir.), *cert.*

*denied,* —— U.S. ——, 117 S.Ct. 79, 136 L.Ed.2d 37 (1996).

That principle is consistent with the findings of numerous courts, including this one, in which workers' compensation carriers have been found liable to employees for bad faith handling of workers' compensation claims. *See e.g., Scranton v. Liberty Mut. Ins. Co.,* No. 83–12, slip op. at 3 (D.Vt. Sept. 26, 1985) (breach of fiduciary duty by carrier to employee a distinct and actionable wrong); *Travelers Ins. Co. v. Savio,* 706 P.2d 1258 (Colo.1985) (employee may bring common law bad faith claim against workers' compensation insurance carrier); *Pierce v. International Ins. Co.,* 671 A.2d 1361 (Del.1996) (employee is third party beneficiary of contract between insurer and employer, and may enforce rights under insurance contract); *Hough v. Pacific Ins. Co.,* 83 Hawai'i 457, 927 P.2d 858 (1996) (insurer owes duty to employee to handle and pay claims in good faith); *In re Certification of a Question of Law,* 399 N.W.2d 320 (S.D.1987) (employee may sue workers compensation carrier for bad faith); *Aranda v. Insurance Co. of North America,* 748 S.W.2d 210 (Tex.1988) (workers' compensation carriers owe duty of good faith and fair dealing to claimants; duty may form basis of tort action).

III. *Order*

Defendant's Motion for Judgment on the Pleadings (paper 11) is DENIED.