**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUN 11 2003**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

CHARLES RAYMOND
SOUTHERLAND,

      Plaintiff-Appellant
Cross-Appellee,

v.

GRANITE STATE INSURANCE
COMPANY, a Pennsylvania
Corporation; AIG CLAIM SERVICES
INC., a Delaware Corporation; f/k/a,
American International Adjustment
Company Inc., NEW HAMPSHIRE
INSURANCE COMPANY; NEW
HAMPSHIRE INSURANCE GROUP
HOLDING CORP; AMERICAN
INTERNATIONAL GROUP,

      Defendants-Appellees
Cross-Appellants.

Nos. 02-7081, 02-7085
02-7093, 02-7098
(D.C. No. 99-CV-421-S)
(E.D. Okla.)

ORDER AND JUDGMENT  *

Before **BRISCOE** , **PORFILIO** , and **ANDERSON** , Circuit Judges.

---

*      This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel.  The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). These cases are therefore ordered submitted without oral argument.

The parties appeal several decisions the district court made in this diversity action governed by Oklahoma law. This action stems from work-related injuries Charles Southerland suffered in 1984, while he was working for Greenleaf Nursery. The Nursery's workers' compensation insurer, Granite State Insurance Company, through its claims adjuster, AIG Services, Inc. (collectively, defendants), paid Southerland disability benefits, as well as all related medical expenses, for over fifteen years. Although Southerland had never filed a workers' compensation claim with the Oklahoma Workers' Compensation Court, defendants, during this fifteen-year period, mistakenly indicated in their files that the court had adjudicated Southerland's disability claim. When, in 1999, defendants realized there had never been a court-ordered compensation award, they stopped paying those benefits. Southerland then filed a claim for compensation with the Workers' Compensation Court and eventually reached a court-approved settlement of his disability claim with defendants.

These appeals stem from Southerland's Oklahoma tort claims, challenging defendants' decision to stop paying him disability payments in 1999, after discovering there was no court-ordered compensation award, despite having made those payments for fifteen years without any court order. Southerland alleged that defendants, in stopping these payments, acted in bad faith and intentionally inflicted emotional distress. We affirm the district court's decision granting defendants summary judgment on both these tort claims, as well as the district court's decision dismissing Southerland's amended complaint asserting these same claims against several additional defendants. In doing so, we review the district court's summary judgment decision *de novo*. *See Patton v. Denver Post Corp.*, 326 F.3d 1148, 1151 (10th Cir. 2003). Defendants will be entitled to summary judgment only if "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).

At the time defendants stopped paying Southerland disability benefits, the Oklahoma Workers' Compensation Court had not yet entered any award. Although the Oklahoma Supreme Court has "explicitly rejected the viability of a bad faith claim against a workers compensation insurer for [such] *pre-award* conduct," *Fehring v. State Insurance Fund*, 19 P.3d 276, 284 n. 21 (Okla. 2001) (emphasis added), the district court held that defendants, in this case, should be equitably estopped from asserting that Southerland's bad-faith claim was barred by the lack

-3-

of a court-ordered compensation award, because defendants had already paid those benefits for fifteen years without any court order. In appeal Nos. 02-7085 and 02-7098, defendants challenge the district court's applying equitable estoppel under these circumstances. Southerland counters that this court, in a prior appeal, conclusively held that equitable estoppel does apply in this situation. We need not address these arguments, however, because even if defendants are equitably estopped from asserting that the lack of a court-ordered award precludes Southerland's bad-faith claim, the district court still appropriately awarded defendants summary judgment on the merits of that claim. Southerland appeals that summary-judgment determination in both appeal Nos. 02-7081 and 02-7093.

The Oklahoma Supreme "Court has not unequivocally sanctioned the viability of a tort suit against a workers' compensation insurer for . . . bad faith post-award conduct." *Id.* at 284 (addressing bad-faith claim for failing to pay award in timely manner); *see also Kuykendall v. Gulfstream Aerospace Techs.*, 66 P.3d 374, 376-77 (Okla. 2002) ("No Oklahoma case holds that a workers' compensation insurer has a duty of good faith in paying a workers' compensation award, the violation of which is a tort."). However, for purposes of this appeal only, we assume that Oklahoma courts would recognize such a bad-faith claim.

If the Oklahoma Supreme Court were to recognize such a claim, Southerland, to recover, would have to establish that defendants "engaged in

intentional, wilful, and malicious conduct." *Fehring*, 19 P.3d at 284. [1]

Southerland, however, failed to assert any evidence indicating defendants had acted intentionally, maliciously, and wilfully in stopping the disability payments. Rather, uncontroverted evidence indicates that defendants terminated Southerland's benefits because Oklahoma law did not require them to make those payments without a court order. We, therefore, affirm the district court's decision granting defendants summary judgment on the bad-faith claim.

The district court also granted defendants summary judgment on Southerland's tort claim alleging they had intentionally caused Southerland emotional distress. Under Oklahoma law, this "tort requires evidence of extreme and outrageous conduct coupled with severe emotional distress." *Computer Publ'ns, Inc. v. Welton*, 49 P.3d 732, 735 (Okla. 2002). Further, defendants must have intentionally or recklessly undertaken such extreme and outrageous conduct. *See id.* Southerland, however, failed to present evidence indicating defendants

---

[1]     Southerland argues that, in this case, he need not establish that defendants acted intentionally, wilfully, and maliciously because, unlike in *Fehring,* here there has been no court-ordered compensation award. We need not address this argument, however, because Southerland never raised it in the district court. *See, e.g., Quigley v. Rosenthal*, 327 F.3d 1044, 1069 (10th Cir. 2003). In any event, the Oklahoma Supreme Court has indicated that if it did recognize a bad-faith claim against a workers' compensation insurer, it would do so only where the insurer's conduct was intentional and wilful because only such conduct would justify permitting a common-law claim in the context of workers' compensation, which is otherwise exclusively governed by Oklahoma's statutory scheme. *See Fehring*, 19 P.3d at 284-85.

intentionally or recklessly acted in an extreme and outrageous manner. We, therefore, affirm the district court's decision granting defendants summary judgment on this claim as well.

In light of those conclusions, we need not address defendants' arguments challenging several district court discovery orders related to their defenses to these two tort claims. *See also* Cross-Appellants' Opening Br. (Nos. 02-7085, 02-7098) at 35, 63 (stating defendants appealed discovery orders *if* this court reversed district court's decision granting them summary judgment).

Finally, the district court had granted Southerland leave to amend his complaint to add as defendants the New Hampshire Insurance Company, New Hampshire Insurance Group Holding Corporation, and American International Group, Inc. (collectively, additional defendants). Southerland asserted the same tort claims against these additional defendants. After granting the original defendants summary judgment, however, the district court dismissed Southerland's claims against these additional defendants. Southerland challenges that decision in appeal No. 02-7093. The district court, however, did not err in dismissing those claims. In light of that determination, we also need not address these additional defendants' cross-appeal, No. 02-7098, challenging the district court's decision permitting Southerland to amend his complaint to add these additional defendants in the first place. *See also id.*

The judgment of the district court is AFFIRMED.

Entered for the Court


Mary Beck Briscoe
Circuit Judge