142 P.3d 47 (2006)
2006 OK 36
Sherrie SIZEMORE, Plaintiff,
v.
CONTINENTAL CASUALTY COMPANY, d/b/a CNA Insurance Company, an Illinois Corporation, and Kerr Group, Inc., a Delaware Corporation, and Transportation Insurance Company, an Illinois Corporation, Defendants.
No. 99940.
Supreme Court of Oklahoma.
May 30, 2006.
Rehearing Denied June 26, 2006.
Wilson N. Jones, III, and Susan Hamilton Jones, Wilson Jones P.C., Tulsa, OK; Allen Smallwood, Tulsa, OK; and Jon Bryan Wallis, Tulsa, OK, for Plaintiff.
James K. Secrest, II, Roger N. Butler, Jr., Edward J. Main, Secrest, Hill & Butler, Tulsa, Oklahoma, for Defendants, Continental Casualty Company and Transportation Insurance Company.
*48 COLBERT, J.
¶ 1 The United States District Court for the Northern District of Oklahoma has certified the following question pursuant to the *49 Revised Uniform Certification of Questions of Law Act, Okla. Stat. tit. 20, §§ 1601-1611 (2001):
Does Oklahoma law recognize a tort for bad faith against a workers' compensation insurer?
In response, this Court recognizes such a tort for a workers' compensation insurance carrier's refusal to pay a workers' compensation award and rejects decisions to the contrary.

FACTS
¶ 2 Sherrie Sizemore (Claimant) worked for Kerr Glass in Tulsa, Oklahoma. Kerr Glass was an insured of Continental Casualty Company and Transportation Insurance Company (collectively "Insurer"). In 1991, Claimant was injured in a job-related accident. She received awards of workers' compensation benefits for both temporary total disability and permanent partial disability. In November 2000, Claimant's temporary total disability payments ceased. Claimant alleges that at that time she should have started receiving permanent partial disability payments from her employer's workers' compensation insurance carrier, but did not. In March 2001, the Workers' Compensation Court found that the permanent partial disability payments were past due, accelerated the entire balance, and assessed 18 per cent interest pursuant to section 42(A) of the Workers' Compensation Act. Claimant's action in federal court asserts that Insurer's conduct constitutes a breach of the implied duty of good faith and fair dealing. Insurer contends that no such cause of action exists under Oklahoma law against a workers' compensation insurer. The federal court decided sua sponte to certify the question.
¶ 3 The question certified is nearly identical to one certified in the recent decision in DeAnda v. AIU Insurance, 2004 OK 54, 98 P.3d 1080. No petition for rehearing was filed in that matter.
¶ 4 This matter provides this Court the opportunity to revisit an issue addressed in DeAnda and in Kuykendall v. Gulfstream Aerospace Technologies, 2002 OK 96, 66 P.3d 374, to better define the scope of the Workers' Compensation Act as it relates to the duty of a workers' compensation insurance carrier to pay court-ordered benefits. At the same time, it provides this Court the opportunity to give effect to a workers' compensation claimant's common law remedy for a tort that lies beyond the scope of the Workers' Compensation Act.

HISTORICAL BACKGROUND
¶ 5 In 1992, this Court foreshadowed application of a common law tort action against a workers' compensation insurer for breach of the implied duty to deal fairly and in good faith by refusing to pay a workers' compensation award. In Goodwin v. Old Republic Insurance Co., 1992 OK 34, 828 P.2d 431, this Court assumed that an insurer would be liable in tort for its bad faith refusal to pay a workers' compensation award. The facts in Goodwin, however, did not support an action for bad faith. Id. ¶ 17, 828 P.2d at 436.
¶ 6 This Court's signal that it would apply such an action intensified in a line of cases that continued to assume the action's viability. In 1995, this Court went so far as to state: "We also held [in Goodwin] that an injured worker has a cause of action for bad faith against his employer's insurance carrier for refusing to timely pay the injured worker's compensation award." Whitson v. Okla. Farmers Union Mut. Ins. Co., 1995 OK 4, ¶ 9, 889 P.2d 285, 287. No bad faith action could be maintained in Whitson, however, because the claimant had sued his employer who happened to be an insurer but was not the employer's workers' compensation carrier. Id. That same year, in McGehee v. State Insurance Fund, 1995 OK 85, 904 P.2d 70, this Court upheld the trial court's decision to dismiss a claimant's bad faith claim. That decision was based on the fact that the bad faith claim was untimely, not on a belief that the claim was not viable.
¶ 7 In 1996, this Court denied certiorari review of a published Court of Civil Appeals decision which affirmed a judgment entered on a jury's verdict awarding damages for the workers' compensation insurer's bad faith failure to timely pay an award. See Cooper v. Nat'l Union Fire Ins. Co., 1996 OK CIV APP 52, 921 P.2d 1297, cert. denied. In *50 1997, this Court answered a federal certified question and held that Oklahoma does not recognize the tort of bad faith for the pre-award conduct of a workers' compensation carrier. See Anderson v. U.S. Fid. & Guar. Co., 1997 OK 124, 948 P.2d 1216. That decision noted Goodwin's assumption "that an insurer could be subject to a bad faith claim for failure to pay benefits under an award." Id. ¶ 6, 948 P.2d at 1217. That same year, this Court compelled a workers' compensation self-insured group to produce financial records in an action brought by a claimant for nonpayment of court-ordered workers' compensation benefits. See YMCA v. Melson, 1997 OK 81, 944 P.2d 304. No hint was made that the underlying action might be based on a claim that was not recognized in Oklahoma law.
¶ 8 Two years later, this Court once again denied certiorari review of a published opinion of the Court of Civil Appeals which "assumed the [own risk employer's] liability for bad faith" but decided the matter "on the narrower grounds that the alleged bad-faith conduct predated a final award." Heintz v. Trucks For You, Inc., 1999 OK CIV APP 64, ¶ 10, 984 P.2d 255, 258. In 2001, this Court reviewed an action against the State Insurance Fund for its alleged bad faith in failing to timely pay a workers' compensation award. See Fehring v. State Ins. Fund, 2001 OK 11, 19 P.3d 276. This Court stated again its assumption that a bad faith claim existed but noted that "this Court has not unequivocally sanctioned the viability of a tort suit against a workers' compensation insurer for the bad faith post-award conduct of failing to timely pay a workers' compensation award." Id. ¶ 26, 19 P.3d at 284. This Court held that, even assuming the viability of such a claim, the State Insurance Fund was a state entity and thus entitled to immunity under the Governmental Tort Claims Act, Okla. Stat. tit. 51, §§ 152-167 (2001 & Supp.2005). Fehring, 2001 OK 11, ¶¶ 23-29, 19 P.3d at 283-85.
¶ 9 The point of this historical analysis is that for a decade this Court expressly assumed the viability of an action based on an insurer's refusal to pay a workers' compensation award. Further, this Court refused to review at least one Court of Civil Appeals decision in which the tort was actually applied by a jury. See Cooper, 1996 OK CIV APP 52, 921 P.2d 1297.
¶ 10 An abrupt halt in the evolution of this Court's emerging recognition of the tort occurred in Kuykendall, 2002 OK 96, 66 P.3d 374. The defendant there was a self-insured employer which refused to pay for prescribed medication as twice ordered by the Workers' Compensation Court. Kuykendall dismissed the entire line of cases which had signaled enforcement of a workers' compensation insurer's duty of good faith and fair dealing as "obiter dictum." Further, a distinction was drawn between a workers' compensation insurer and a self-insured employer. The self-insured employer, acting as an insurer, was given the benefit of the exclusive remedy provision of section 12 of the Workers' Compensation Act for "the liability prescribed in Section 11." That tort immunity is for "accidental personal injury sustained by the employee arising out of and in the course of employment ...." Okla. Stat. tit. 85, § 11 (2001).
¶ 11 Kuykendall reasoned that, because section 42(A) of the Workers' Compensation Act provided for interest on overdue payment of an award and because that section provided a mechanism for enforcement of awards in district court, somehow this was the injured worker's sole remedy for a self-insured employer's bad faith failure to pay an award. 2002 OK 96, ¶ 13, 66 P.3d at 378. This left open the question of whether the holding in Kuykendall was so broad as to require the same conclusion when a workers' compensation insurer refuses to pay an award.
¶ 12 That answer came in DeAnda, 2004 OK 54, 98 P.3d 1080, which marked a complete about-face in this Court's signaled resolution to the issue of bad faith by a workers' compensation insurer in failing to pay an award. DeAnda merely extended the holding in Kuykendall to hold that section 42 provided the sole remedy for any bad faith failure to pay court-ordered workers' compensation benefits. See id. ¶ 1, 98 P.3d at 1080. No rehearing was sought in DeAnda but its analysis is flawed in two respects.
*51 ¶ 13 First, as stated in Kuykendall, the DeAnda Court asserted that "there are no Oklahoma cases holding an employer liable for bad faith breach in paying a Workers' Compensation award." DeAnda, 2004 OK 54, ¶ 24, 98 P.3d at 1085 (citing Kuykendall, 2002 OK 96, ¶ 8, 66 P.3d at 376-77). DeAnda failed to note, however, the published opinion of the Court of Civil Appeals in Cooper, 1996 OK CIV APP 52, 921 P.2d 1297. There, the Court of Civil Appeals read Goodwin and its progeny as recognition of an action for an insurer's bad faith in failing to timely pay a workers' compensation award. This Court denied certiorari review of that matter and let stand a jury's award of damages for the injured worker on his bad faith claim.
¶ 14 Second, the exclusive remedy provision of section 12 applies expressly to the liability in section 11 for accidental personal injury arising out of and in the course of employment. DeAnda treated the insurer's bad faith failure to pay an award as an injury arising from the employment relationship. Even if that conclusion were accurate, such conduct cannot be said to have occurred in the course of the injured worker's employment. "[A] bad faith claim is separate and apart from the work relationship, and it arises against an insurer only after there has been an award against the employer." Goodwin, 1992 OK 34, ¶ 24, 828 P.2d at 434. Thus, the conduct involved in Kuykendall and DeAnda is outside the scope of the exclusive remedy provision of section 12 of the Workers' Compensation Act. This Court may not expand the exclusive remedy provision of that Act beyond that which the Legislature has provided.

WORKERS' COMPENSATION INSURER'S DUTY TO DEAL FAIRLY AND ACT IN GOOD FAITH IN PAYING AWARD
¶ 15 "An insurer has an implied duty to deal fairly and act in good faith with its insured and ... the violation of this duty gives rise to an action in tort for which consequential and, in a proper case, punitive damages may be sought." Christian v. Am. Home Assurance Co., 1977 OK 141, ¶ 25, 577 P.2d 899, 904. Further, "[a]n insurer's implied-in-law duty of good faith and fair dealing extends to all types of insurance companies and insurance policies. However, ... [t]here must be either a contractual or a statutory relationship between the insurer and the party asserting the bad faith claim before the duty arises." Goodwin, 1992 OK 34, ¶ 6, 828 P.2d at 432-33 (footnotes omitted).
¶ 16 Workers in Oklahoma enjoy both a contractual and a statutory status as third party beneficiaries of a workers' compensation insurance agreement. "A contract, made expressly for the benefit of a third person, may be enforced by him at any time before the parties thereto rescind it." Okla. Stat. tit. 15, § 29 (2001). That rule applies specifically to workers in the text of the Workers' Compensation Act:
Every contract of insurance issued by an insurance carrier for the purpose of insuring an employer against liability under the Workers' Compensation Act shall be conclusively presumed to be a contract for the benefit of each and every person upon whom insurance premiums are paid, collected, or whose employment is considered or used in determination of the amount of premium collected upon such policy for the payment of benefits as provided by the Workers' Compensation Act ... which contract may be enforced by such employee as the beneficiary thereof.
Okla. Stat. tit. 85, § 65.3 (2001). Thus, the right to enforce the insurance agreement, and the attendant duty of good faith and fair dealing implied in that contract, belongs to the injured worker. This is true whether the insurer is an insurance company or a self-insured employer who voluntarily assumes insurer status.[1]
*52 ¶ 17 The Workers' Compensation Act now defines "insurance carrier" to include "stock corporations, reciprocal or interinsurance associations, or mutual associations with which employers have insured, and employers permitted to pay compensation, directly under the provisions of paragraph 4 of subsection A of Section 61 of this title." Okla. Stat. tit. 85, § 3(15) (Supp.2005). Thus, under this recent amendment, an "individual self-insured or a group self-insurance association" is expressly included in the definition of "insurance carrier."

SCOPE OF EXCLUSIVE REMEDY PROVISION
¶ 18 Employers are required by section 11 of the Workers' Compensation Act to pay compensation for "accidental personal injury sustained by the employee arising out of and in the course of employment." Section 12 makes such liability "exclusive and in place of all other liability of the employer ... at common law or otherwise, for such injury, loss of services, or death" (emphasis added). Thus, the Legislature has limited the exclusive remedy of workers' compensation to an employer's liability for accidental injury arising out of and in the course of employment. Nothing in section 12's exclusive remedy provision extends common law immunity to an insurance carrier for its failure to act in good faith and deal fairly in payment of an award.
¶ 19 This action against the insurer is not controlled by the exclusive remedy provision of the Workers' Compensation Act. An insurance carrier's bad faith in failing to pay court-ordered benefits is not reasonably encompassed within the "industrial bargain" by which the worker "gave up the right to bring a common law negligence action against the employer and in return received automatic guaranteed medical and wage benefits. The employer gave up the common law defenses and received reduced exposure to liability." Parret v. UNICCO Serv. Co., 2005 OK 54, ¶ 20, 127 P.3d 572, 578. That "bargain" was imposed by statute upon the worker and the employer. An insurance carrier, who wears a totally different hat, is not and has never been a party to it.
¶ 20 "[T]he intent of the Work[ers'] Compensation Law is to make the insurance carrier one and the same as the employer as to liability and immunity." U.S. Fid. & Guar. Co. v. Theus, 1972 OK 9, ¶ 12, 493 P.2d 433, 435. However, that liability and immunity extend only to accidental injury arising out of and in the course of employment. An insurance carrier is shielded from tort liability only to that extent. When an insurance carrier acts in bad faith by refusing to pay an award it is operating outside the tort immunity afforded by the exclusive remedy provision of section 12.
¶ 21 An insurer's refusal to pay a workers' compensation award fails to meet three of the section 11 elements of a valid workers' compensation claim. It is not (1) an accidental injury (2) arising out of and (3) in the course of employment. Although "accidental injury" is not defined in the Act, "compensable injury" is defined as "any injury or occupational illness, causing internal or external harm to the body, which arises out of and in the course of employment if such employment was the major cause of the specific injury or illness." Okla. Stat. tit. 85, § 3(13) (Supp.2005). Refusal to pay an award does not "arise out of" the worker's employment because there is no causal nexus between the conditions under which the work was performed and the resulting injury. See Moore v. City of Norman, 1999 OK 39, ¶ 6, 983 P.2d 436, 437. The refusal to pay does not occur "in the course of employment" because the time, place, and circumstances of the refusal are in no way connected to the worker's employment. See Odyssey/Americare v. Worden, 1997 OK 136, ¶ 5, 948 P.2d 309, 311.
¶ 22 The Workers' Compensation Act provides a comprehensive scheme for providing medical care and wage benefits to injured workers. However, not every injury connected to work falls within the exclusive remedy provision of the Act. Some injuries are expressly excluded from the provisions of the Act. These include: (1) third party claims under section 44 of the Act; (2) a common law action under the penalty provision of section 12 against an employer who fails to secure compensation in the manner provided by section 61 of the Act; (3) certain exceptions *53 to the Act, found in section 11, based on an employee's willful injury to self or another, failure to use a guard or protection furnished against accident, substance abuse, or horseplay; and (4) non-accidental injury which the employer knew was certain or substantially certain to result from the employer's conduct, see Parret, 2005 OK 54, 127 P.3d 572. Thus, it is evident from the text of the Act that "the common law" has not been entirely displaced or supplanted by the exclusive remedy provision. In fact, "[t]he common law, as modified by constitutional and statutory law, judicial decisions and the condition and wants of the people, shall remain in force in aid of the general statutes of Oklahoma ...." Okla Stat. tit. 12, § 2 (2001). Section 12 does not bar a common law tort action against a workers' compensation carrier who will not pay an injured worker's award of compensation.

SECTION 42 PENALTY PROVISIONS
¶ 23 This Court has struggled with the question of whether section 42[2] provides the sole remedy for an insurer's refusal to pay a workers' compensation award. Kuykendall and DeAnda reached the conclusion that section 42 provided the sole remedy. Kuykendall did so on the belief that there was a valid distinction between an insurer and an employer who voluntarily assumed insurer status. Thus the employer was given the benefit of tort immunity for covered work related injury and tort immunity while acting as an insurer. DeAnda merely extended the holding in Kuykendall to give an insurer that same immunity by concluding that "the Legislature intended for an insurance carrier's post-judgment failure to pay fall within the exclusivity of the Workers' Compensation Act." DeAnda, 2004 OK 54, ¶ 20, 98 P.3d at 1085. In retrospect, that conclusion was much too broad.
¶ 24 "This Court will look to the text of the Workers' Compensation Act, its underlying policies, and to the purposes of workers' compensation generally in applying the provisions of the Act." Parret, 2005 OK 54, ¶ 18, 127 P.3d at 577. Nothing in the text of section 42, in the policies underlying that section, or in the policies underlying the Act generally, provides any support for the theory that section 42 was intended to provide the "exclusive remedy" for an insurance carrier's refusal to pay a workers' compensation award. The only way that theory can be maintained is by reading the exclusive remedy provision in section 12 far beyond its stated scope of accidental injury arising out of and in the course of employment. Looking at the text and the statutory scheme as a whole, however, a contrary legislative intent is understood.
¶ 25 Section 42(A) addresses late payment of workers' compensation benefits. When payment under the terms of a workers' compensation award are not made within 10 days, the Workers' Compensation Court may order a certified copy of the award to be filed in a district court clerk's office to be enforced as a judgment of the district court. The award bears interest at the rate of 18 per cent until paid. Thus, the Legislature has provided an incentive for prompt payment of workers' compensation awards[3] and *54 a mechanism for enforcement of an unpaid award in district court. An insurer's bad faith in outright refusing to pay an award is beyond the purview of that incentive. The remedy for such conduct is not found in the Workers' Compensation Act but rather in a common law action based on the insurer's bad faith refusal to pay an award. Thus, bad faith conduct by a workers' compensation insurer in refusing to pay an award of benefits to an injured worker is judged by the same standard as bad faith conduct by any other insurer. See Badillo v. Mid Century Ins. Co., 2005 OK 48, ¶ 28, 121 P.3d 1080, 1094 ("the minimum level of culpability necessary for liability against an insurer to attach is more than simple negligence, but less than the reckless conduct necessary to sanction a punitive damage award against said insurer").
¶ 26 A claimant seeking to enforce an award must first utilize the mechanism provided in section 42(A) of the Act and have the award certified for enforcement. But if the insurance carrier still refuses to pay the award, as is alleged in this matter, an action for the insurer's bad faith refusal to do so will lie in district court.
¶ 27 This holding gives the Legislature's intended effect to section 42. It recognizes that the provision was never intended to be exclusive, nor is it adequate to deter an insurance carrier's refusal to pay or to adequately compensate the injured worker for attorney fees and other items of harm flowing from the carrier's refusal to pay. Although section 42 expresses the Legislature's intent that awards be paid promptly, nothing in the Act has supplanted a worker's common law remedy for an insurance carrier's bad faith in refusing to pay a workers' compensation award.

CONCLUSION
¶ 28 Today, this Court recognizes that a common law tort action exists for an insurance carrier's bad faith in refusing to pay a workers' compensation award. In doing so, this Court reaches the result foreshadowed by a line of decisions dating back to 1992. Any language in Kuykendall or DeAnda that is contrary to this opinion is rejected.
¶ 29 This Court approves and adopts the rule that where a workers' compensation claimant has followed the mechanism for enforcement of an award pursuant to section 42(A) of the Workers' Compensation Act and the insurer fails to act in good faith and deal fairly by paying the award, that failure gives rise to a common law action for bad faith in tort. Such action may be brought against a workers' compensation insurer, a self-insured employer, or any entity meeting the Act's definition of "insurance carrier" found at section 3(15).
CERTIFIED QUESTION ANSWERED.
CONCUR: WATT, C.J., KAUGER, EDMONDSON, TAYLOR, COLBERT, JJ.
DISSENT: WINCHESTER, V.C.J., LAVENDER, HARGRAVE, OPALA, JJ.
TAYLOR, J., concurring.
¶ 1 I fully concur in today's opinion. I write separately to emphasize that it is the refusal of the workers' compensation insurer to timely pay an award as finally ordered by the Workers' Compensation Court that gives rise to a common law action for bad faith in tort. "If insurance companies wish to prevent bad faith cases, then they must govern themselves in accordance with the law and the terms of the insurance products they market and sell. When that day comes, then bad faith cases will become a relic of the past." Badillo v. Mid Century Insur. Co., 2005 OK 48, 121 P.3d 1080 (Taylor, J., concurring specially, ¶ 9), 121 P.3d 1080, 1111. In this case the insurer refuses to pay compensation benefits awarded in a final order of the Workers Compensation Court. That refusal invites, encourages and gives viability to a bad faith claim by the injured and unpaid worker.
*55 WINCHESTER, V.C.J., with whom LAVENDER, HARGRAVE AND OPALA, JJ. join, dissenting.
¶ 1 The principal issue in Kuykendall v. Gulfstream Aerospace Technologies, 2002 OK 96, 66 P.3d 374, DeAnda v. AIU Insurance, 2004 OK 54, 98 P.3d 1080, and the case now before this Court is whether the compensation statute, 85 O.S.2001, § 42, provides the exclusive remedies for wrongful delay in payment or refusal to pay. I would hold that the statute excludes common-law remedies.
¶ 2 The Oklahoma Legislature enacted the Workers' Compensation Act in 1915,[1] ensuring that employees would be provided benefits for work-related injuries. The purpose of the act is to fully define the rights of the parties and to wholly compensate an injured worker. The Legislature arbitrarily fixed certain factors in the calculation of awards to achieve exact and uniform results. Mudge Oil Co. v. Wagnon, 1943 OK 354, ¶ 8, 145 P.2d 185, 186. Injecting the tort of bad faith into this statutory framework threatens the balance the Legislature has attempted to achieve.
¶ 3 The certified question is: "Does Oklahoma law recognize a tort for bad faith against a workers' compensation insurer?" The majority asserts that intentional refusal to pay an award, as discussed in Kuykendall and DeAnda, is outside the scope of the exclusive remedy provision of § 12 of the Workers' Compensation Act.[2] The majority's conclusion equates a bad faith failure of an insurer to pay a worker's compensation award, with a bad faith failure of an insurance company to pay pursuant to a contract.[3]
¶ 4 A bad faith refusal to pay a judgment is not the equivalent of a bad faith breach of contract. In the worker's compensation case, the court has made a final, enforceable award. In contrast, when an insurance company, in bad faith, determines not to pay pursuant to contract, a tort is committed and the legal process begins. If a casualty insurance company refuses to pay a judgment against it, what would be the remedy? Would it be to bring a new, a second court case for bad faith merely because the judgment was against an insurance company? I think not. The remedy is collection of the judgment through the existing statutory process,[4] not creating a new tort to allow for punitive damages.
¶ 5 Section 42(A) provides remedies for failure to pay within ten days of a court-ordered award. An unpaid award is to bear interest at the rate of eighteen percent.[5] Intentional, knowing or willful violation of the provisions of the Workers' Compensation Act by an insurer may result in suspension or revocation of the authority of the insurance carrier to provide compensation business in Oklahoma.[6] The higher interest rate provided by that statute expressly applies to either the employer or the insurance carrier, whichever is liable for the payment.[7]
¶ 6 Although I agree that the act contemplates payment for "accidental personal injury", 85 O.S.2001, § 11(A), remedies for failure to pay a judgment of the Workers' Compensation Court are specifically provided by § 42. The majority, although acknowledging this, justifies providing a common-law remedy by asserting that the § 42 remedies are inadequate "to deter an insurance carrier's refusal to pay or to adequately compensate the injured worker for attorney fees and other items of harm flowing from the carrier's refusal to pay."[8] That is *56 a legislative, policy decision. To create a common-law remedy to supplement the statutory remedies of § 42 is as much an invasion of the constitutionally-mandated balance of power[9] as it would be to attempt to alter the schedule of compensation found at 85 O.S.Supp.2005, § 22 through adding additional compensation by court order.
¶ 7 When the Supreme Court of Wisconsin recognized the tort of bad faith in a worker's compensation case,[10] its legislature reacted by enacting a statute providing for an exclusive remedy and specified that an employee may not maintain a bad-faith, common-law tort action against the employer or insurance carrier.[11] Like Wisconsin, the final resolution of this issue in Oklahoma must come from Oklahoma's Legislature.
OPALA, J., with whom WINCHESTER, V.C.J., and LAVENDER and HARGRAVE, J.J., join, dissenting.
¶ 1 I dissent from the court's opinion and from the statement in concurrence and join the other dissent. I write separately to offer an addendum to the analytical framework for the issue at hand.
¶ 2 The Workers' Compensation Act provides the exclusive remedy for a workers' compensation insurer's failure to pay an obligation of its policy. "It may be neither supplemented nor diluted by the norms of common law injected into its corpus by... a judicial syringe."[1] "No Oklahoma case holds that a workers' compensation insurer has a duty of good faith in paying a workers' compensation award, the violation of which is a tort."[2] Assuming arguendo that extant jurisprudence recognizes a common-law tort action of bad faith for a workers' compensation insurer's failure to pay an obligation of its policy, such action stands barred by 85 O.S.2001 § 42.
¶ 3 The court's opinion and the statement in concurrence erroneously conclude that § 42 does not provide the exclusive remedy available to Sizemore by incorrectly construing the provisions of 85 O.S.2001 § 12. The latter govern only the employer's duties and not those of a workers' compensation insurer.
¶ 4 The legislature has been clear and explicit in providing that the terms of "Workers' Compensation Act [and its related sections] are in derogation of the common law and those statutes are the exclusive ... [legal norms] governing benefits [and by extension the right of action]."[3]
¶ 5 Assuming that § 42 is not sufficiently clear, statutes in derogation of the common law, such as § 42, "are to be liberally construed so as to effect legislative intent."[4]
¶ 6 This court, as well as the U.S. Court of Appeals for the Tenth Circuit, clearly announce that Oklahoma's extant jurisprudence does not recognize an insurer's duty of good faith in paying a workers' compensation award.[5] The dearth of erroneous instances that would suggest otherwise should not be relied upon. Good law is crafted neither from aberrational court rulings nor in reliance upon flawed construction of statutory authority and upon judicial departure from the explicit will of the legislature.
¶ 7 The court's pronouncement not only upsets the balance to be struck between common-law remedies and the necessity of uniformity in public law, but also between the *57 equilibrium of public and private interests which forms the foundation of public law.[6]
¶ 8 I hence dissent from the court's judgment, from today's pronouncement, and from the statement in concurrence.

ORDER
The application of the Oklahoma Association of Defense Counsel to file an amicus curiae brief is denied.
It is hereby ordered that both petitions for rehearing filed by the defendant/appellees and the plaintiff/appellant are denied. The parties argument that the opinion requires that a bad faith tort action may only be maintained after an order of the Workers' Compensation Court has been certified for enforcement in the district court pursuant to 85 O.S. 2001 § 42(A) is without merit. The opinion clearly provides that it is the refusal of the workers' compensation insurer to timely pay an award as finally ordered by the Workers' Compensation Court that gives rise to a common law action for bad faith in tort, and not whether a claimant has sought enforcement in the district court.
WATT, C.J., KAUGER, EDMONDSON, TAYLOR, COLBERT, JJ., concur.
WINCHESTER, V.C.J., LAVENDER, HARGRAVE, OPALA, JJ., dissent.
NOTES
[1] Section 61(A) of the Act provides four ways of securing compensation to employees: (1) through "a policy to provide workers' compensation benefits"; (2) by "obtaining and keeping in force guaranty insurance"; (3) by "obtaining and keeping in force a workers' compensation equivalent insurance product"; and (4) through "an individual self-insured or a group self-insurance association."
[2] Other than in the case of an award from the Multiple Injury Trust Fund, section 42(A) provides:

If payment of compensation or an installment payment of compensation due under the terms of an award ... is not made within ten (10) days after the same is due by the employer or insurance carrier liable therefor, the Court may order a certified copy of the award to be filed in the office of the court clerk of any county, which award whether accumulative or lump sum shall have the same force and be subject to the same law as judgments of the district court.... Upon the filing of the certified copy of the Court's award a writ of execution shall issue and process shall be executed and the cost thereof taxed, as in the case of writs of execution, on judgments of courts of record, as provided by Title 12 of the Oklahoma Statutes; provided, however, the provisions of this section relating to execution and process for the enforcement of awards shall be and are cumulative to other provisions now existing or which may hereafter be adopted relating to liens or enforcement of awards or claims for compensation.
[3] An additional penalty is provided by section 42(B):

If any insurance carrier intentionally, knowingly, or willfully violates any of the provisions of the Workers' Compensation Act or any published rules or regulations promulgated thereunder, the Insurance Commissioner, on the request of a judge of the Court or the Administrator, shall suspend or revoke the license or authority of such insurance carrier to do a compensation business in this state.
[1] Laws 1915, ch. 246, art. 1, § 1.
[2] Majority Opinion, ¶ 14.
[3] Majority opinion, ¶ 25.
[4] 12 O.S.2001, ch. 13, Executions
[5] 85 O.S.2001, § 42(A)
[6] 42 O.S.2001, § 42(B).
[7] The first sentence of 85 O.S,2001, § 42(A) provides in pertinent part: "If payment of compensation or an installment payment of compensation due under the terms of an award ... is not made within ten (10) days after the same is due by the employer or insurance carrier liable therefore, the Court may order a certified copy of the award to be filed in the office of the court clerk of any county, which award whether accumulative or lump sum shall have the same force and be subject to the same law as judgments of the district court...."
[8] Majority opinion, ¶ 27.
[9] Okla.Const., art. 5, § 1.
[10] Coleman v. American Universal Ins. Co., 86 Wis.2d 615, 273 N.W.2d 220 (1979)
[11] Messner v. Briggs & Stratton Corp., 120 Wis.2d 127, 133, 353 N.W.2d 363, 366 (Ct.App.1984).
[1] Bradshaw v. Oklahoma State Election Bd., 1093, 2004 OK 69, ¶ 3, 98 P.3d 1092 (Opala, V.C.J., concurring) (emphasis added).
[2] Kuykendall v. Gulfstream Aerospace Techs., 2002 OK 96, ¶ 8, 66 P.3d 374, 376-77 (emphasis added).
[3] Patterson v. Sue Estell Trucking Co. Inc., 2004 OK 66, ¶ 6, 95 P.3d 1087, 1088 (emphasis added).
[4] Finnell v. Seismic, 2003 OK 35, ¶ 15, 67 P.3d 339, 345 (emphasis added).
[5] See Kuykendall v. Gulfstream Aerospace Techs., supra note 2; Southerland v. Granite State Ins. Co., 68 Fed.Appx. 156, 158-159, (10th Cir.2003) (unreported).
[6] See generally Richard B. Cappalli, The American Common Law Method (1997).