*Garcia v. Farm Family Ins. Co.*, No. 465-5-15 Cncv (Toor, J., Aug. 28, 2019).

[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

## STATE OF VERMONT

| | |
|---|---|
| SUPERIOR COURT | CIVIL DIVISION |
| Chittenden Unit | Docket No. 465-5-15 Cncv |

---

### Garcia vs. Farm Family Insurance Company

---

## ENTRY REGARDING MOTION

Count 1, Insurance (465-5-15 Cncv)
Title:      **Motion for Summary Judgment** (Motion 37)
Filer:      Farm Family Insurance Company
Attorney:   Kaveh S. Shahi
Filed Date: April 12, 2019

Response filed on 05/07/2019 by Attorney Robert B. Luce for Plaintiff
        Plaintiff's Opposition;
Response filed on 05/21/2019 by Attorney Robert Hemley for Defendant
        Defendant's Reply;
Response filed on 05/29/2019 by Attorney Robert B. Luce for Plaintiff
        Plaintiff's Sur-Reply;
Response filed on 06/03/2019 by Attorney Robert Hemley for Defendant
        Defendant's Supplemental Authority;
Response filed on 06/04/2019 by Attorney Robert B. Luce for Plaintiff
        Plaintiff's Response to Supplemental Authority;


Plaintiff Kitty Garcia alleges bad faith denial of benefits by Defendant Farm Family Insurance Company (the Company) in connection with her workers' compensation claim. Garcia suffered a serious head injury while working at Alpine Glen Farms. The Company was the farm's workers' compensation insurer. It hired Broadspire Services Inc. (Broadspire) to administer the claim. The Company moves for summary judgment.

A number of the "facts' listed on the Company's statement of undisputed facts are either not facts, or are unsupported by any record evidence. The court disregards all such alleged "facts." Rather than reciting here all the relevant facts, the court adopts all facts

in the Company's statement to which Garcia agrees. The court also takes note of the additional facts that Garcia sets forth to show that disputes exist.

Conclusions of Law

The claim here is one for bad faith handling of Garcia's workers' compensation claim. "Bad faith" is "the general shorthand for breach of the covenant of good faith and fair dealing which the law implies in every insurance policy." Murphy v. Patriot Ins. Co., 2014 VT 96, ¶ 17, 197 Vt. 438. "To establish bad faith, the plaintiff must show that: (1) the insurance company had no reasonable basis to deny benefits of the policy, and (2) the company knew or recklessly disregarded the fact that no reasonable basis existed for denying the claim." Id. (internal quotation and citation omitted). The Company raises numerous arguments in support of its motion for summary judgment. The court will address each in turn.

The first argument is that Garcia has failed to proffer sufficient evidence of bad faith to get to a jury. The court disagrees. Garcia's statement of facts provides adequate evidence to meet her burden. Even setting aside the argument about whether financial incentives to deny treatment can be bad faith, the testimony of multiple doctors that Garcia needed treatment that was denied for no reason, the rejection of the opinion of the very doctor that had been chosen by Broadspire to manage her care, and the allegations that requests for approval of treatments were ignored, not responded to, or that payments came extremely late, is sufficient to get to a jury. *See, e.g.* 14 Couch on Ins. § 198:23 ("Good faith also applies . . . to the claims-paying process, specifically as regards to prompt payment."); Buote v. Verizon New England, 249 F. Supp. 2d 422, 433 (D. Vt. 2003) ("the long history of delays and 'bureaucratic glitches' in the payment of Buote's benefits, creates a reasonable inference that, at the very least, recklessness was involved"); Essinger

2

v. Liberty Mut. Fire Ins. Co., 529 F.3d 264, 271 n. 1 (5th Cir. 2008) ("Inordinate delays in processing claims and a failure to make a meaningful investigation have combined to create a jury question on bad faith."). Even if the pre-2011 evidence is excluded, Garcia points to sufficient facts to support her claim.

The next argument is that any bad faith was that of Broadspire, not the Company, and cannot be imputed to the Company because Broadspire was an independent contractor. *See* Restatement (Second) of Torts § 409. However, it is an open question whether Broadspire was acting as the Company's agent in handling the claims here. The question in deciding whether a party is an independent contractor is whether "[the Company] had the right to control not only the result, but also the means and methods adopted to accomplish that result." Rich v. Holmes, 104 Vt. 433, 437 (1932). The fact that the contract between the parties designated the role as that of an independent contractor is evidence on the Company's side, but there is  contrary evidence on Garcia's side: testimony and records suggesting that the Company oversaw and directed Broadspire's work, and Broadspire's signing of documents on behalf of Farm Family. That creates a jury question.

In any case, an insurer cannot delegate its duty to act in good faith and avoid liability by saying "they did it, not us." *See, e.g.*, 14 Couch on Ins. § 198:17 ("An insurer cannot delegate its duty of good faith.");Hamill v. Pawtucket Mutual Insurance Co., 2005 VT 133, ¶ 13, 179 Vt. 250 ("the insurer is liable for the adjuster's mishandling of claims in actions alleging breach of contract or bad faith");  Riccatone v. Colorado Choice Health Plans, 315 P.3d 203, 206–07 (Colo. App. 2013) ("the duty imposed on an insurer is nondelegable, preventing the insurer from escaping liability by delegating tasks to third parties"); De Dios v. Indem. Ins. Co. of N. Am., 927 N.W.2d 611, 621 (Iowa 2019) *amended*

3

(May 14, 2019)(Delegating workers' compensation claim handling to a third-party administrator—Broadspire—"doesn't give the insurer a free pass for two reasons. First, if the third party is an agent, then vicarious liability applies. . . Second, the nondelegable duties imposed by Iowa statutes and administrative regulations remain on the carrier regardless of any attempt to pass them to a third party."); Cooper v. Nat'l Union Fire Ins. Co. of Pittsburgh, Pa., 921 P.2d 1297, 1300 (Ok. Ct. App. 1996) ("an insurer cannot avoid liability for 'bad faith' failure to pay simply because it was due to the act of an independent contractor adjuster, given the non-delegable nature of the duty to deal fairly and in good faith.").

The Company also argues that there is no privity between it and Garcia. However, in the workers' compensation context, that is irrelevant:

> Under our workmen's compensation act, the liability of an insurance carrier who undertakes to protect an employer is more than that of a mere indemnitor. Its liability is primary and direct. The statute affords the injured employee the option of proceeding directly against the insurer as a party defendant.

Marsigli's Estate v. Granite City Auto Sales, Inc., 124 Vt. 95, 106 (1964); 21 V.S.A. § 693; Racine v. Am. Int'l Adjustment Co., 980 F. Supp. 745, 746 (D. Vt. 1997) ("Under the Vermont Workers' Compensation Act, an individual claimant has a direct right to enforce the liability of an insurance carrier for the payment of a workers' compensation claim."); see also Thornton v. Am. Interstate Ins. Co., 897 N.W.2d 445, 461 (Iowa 2017)(citation omitted)("We view bad-faith claims by employees against their employers' workers' compensation insurers as *first*-party bad-faith claims, even though '[a]t first blush, a cause of action for bad faith pursued by an employee against an employer's workers' compensation carrier appears to be a matter of 'third-party' bad faith more than one of 'first-party' bad faith.").

The Company next contends that Garcia's claims are barred by the statute of limitations. The parties agree that the limitations period is three years, and that pursuant to a previous stipulation the filing date of this action is deemed to be March 25, 2014. Thus, the Company argues that any claims based upon conduct prior to March 25, 2011 are barred. Although the Company tries to point to one statement from a doctor that Garcia was "going downhill" as of 2010, and pin all of her claims to that date, the court is not persuaded. Garcia responds that there are many instances of bad faith after the 2011 date, including delays and denials of treatment, and provides testimony from doctors as to the injuries caused to her as a result of those acts. The court agrees that Garcia has presented sufficient evidence on such issues to get to a jury.[1]

The next argument presented by the Company is that issue preclusion bars Garcia's claims, based upon the dismissal of an earlier lawsuit in this court. One of the elements required to establish such preclusion is that " the issue is the same as the one raised in the later action." Trepanier v. Getting Organized, Inc., 155 Vt. 259, 265 (1990). The earlier lawsuit here, as the court has previously ruled, was limited to the enforcement of a settlement agreement. It did not raise the same claims as this case. Ruling on Motion to Dismiss at 3 (Feb. 4, 2016)(Toor, J.). Whether it was governed by 21 V.S.A. § 675 is not the point. The only claim asserted was that recommendations made in an April 2010 doctor's report had not been properly disputed as required by the agreement, and thus had to be approved. Nothing about that narrow claim is duplicative of the issues here, which relate to the period after March 2011. The claims here are not precluded.

Finally, the Company asserts that Garcia is limited to her remedies under the workers' compensation statute, 21 V.S.A. § 622. Although some courts have reached that

---

[1] For this reason, the court does not address Garcia's alternate "continuing tort" argument.

conclusion—*see, e.g.,* DeOliveira v. Liberty Mut. Ins. Co., 870 A.2d 1066, 1072-75 (Conn. 2005)—the court is not persuaded that Vermont law compels such a result. As Judge Sessions has noted, there are numerous cases "in which workers' compensation carriers have been found liable to employees for bad faith handling of workers' compensation claims." Racine, 980 F. Supp. at 747 (citing cases). As other courts have noted, "[a]ny liability for injuries occasioned by [bad faith claim processing] cannot be deemed liability for injuries arising out of the course of employment." Travelers Ins. Co. v. Savio, 706 P.2d 1258, 1265 (Colo. 1985). Savio goes on to say that "a bad faith claim is not subject to 'compensation' or any other remedy under the Act. Savio certainly need not exhaust an administrative remedy that is in fact nonexistent." Id. at 1269; *see also* Hayes v. Aetna Fire Underwriters, 609 P.2d 257, 261 (Mont. 1980)("an intentional or bad faith tort that arises, not out of the worker's employment, but after his employment has ceased" is not barred by the statute).

Although the Vermont Supreme Court has not directly addressed a bad faith denial claim such as this, its decisions support the same result. The Court has held that tort claims for intentional infliction of emotional distress "arise under the common law, not under the Workers' Compensation Act, which contains no remedy for alleged insurance company misconduct or for alleged intentional infliction of emotional distress by the carrier." Demag v. American Insurance Companies, 146 Vt. 608 (1986), *see also* Wentworth v. Crawford & Co., 174 Vt. 118, 126 (2002)(claims that do not arise during the employment relation are not barred by the exclusivity provision of the statute).

The Company also contends that even if the claim is not barred by exclusivity, Garcia was required to exhaust administrative remedies under the statute, citing Wentworth. However, there are no citations to record facts proffered in support of this

assertion by the Company, and Garcia contests it. *See* SMF # 47 and response thereto. There are thus no undisputed facts on which the court can grant summary judgment.[2]

In its reply memorandum, the Company raises an entirely new argument: that a January 2015 settlement with Broadspire released all claims against the Company. A reply is not the place to assert entirely new bases for summary judgment, and the court is tempted to decline to address such late-raised issues. However, in the interest of resolving the issue now rather than at the time of drafting jury instructions, the court will address the argument. The court rejects it because the settlement did not provide for the release of claims against Farm Family, only against Broadspire. Def. Ex. E ¶ 3.1. It expressly stated that it would not "affect or impair any rights, claims, causes of action, or remedies of GARCIA in respect of FARM FAMILY CASUALTY INSURANCE COMPANY." Id.

### Order

The motion for summary judgment is denied. The case will be scheduled for a pretrial conference and jury draw.

Dated at Burlington this 28th day of August, 2019.

_____
Helen M. Toor
Superior Court Judge

---

[2] In any case, Wentworth did not involve a bad faith claim against an insurer. The claim was against a vocational rehabilitation firm, and involved an alleged failure to provide adequate rehabilitation services. Because the Plaintiff failed to seek a replacement provider as specifically allowed in the workers' compensation rules, the court held that she should have exhausted that process before coming to court. Id., 174 Vt. at 124. No such express process exists for resolving bad faith claims. The Demag analysis—that there is no remedy for a tort claim such as this in the statutory process—makes clear that there also can be no exhaustion required for such a claim.

Notifications:

Robert B. Luce (ERN 2961), Attorney for Plaintiff Katheryn "Kitty" Garcia
Kaveh S. Shahi (ERN 2339), Attorney for Defendant Farm Family Insurance Company
Richard Grant Osborn (ERN N/A), Attorney for party 1 Co-Counsel
Kaveh S. Shahi (ERN 2339), Attorney for Interested Person Julie Lavin
Mark F. Werle (ERN 2687), Attorney for Interested Person Broadspire Services, Inc.
Mark F. Werle (ERN 2687), Attorney for Interested Person Jeffrey Garcia
Robert B. Hemley (ERN 2941), Attorney for party 2 Co-Counsel
Erin M. Moore (ERN 9710), Attorney for party 3 Co-Counsel